COMMISSIONERS v. ERWIN.

(Filed December 12, 1905).

*Referee's Report—Exceptions.*

If a party considers himself aggrieved by the rulings of the judge, on exceptions to the report of a referee, he should point out his objections by exceptions duly noted, and where the plaintiff filed a large number of exceptions to the referee's report and the judge confirms or modifies certain portions of the report and sets aside others, an exception, "The plaintiff excepts to such rulings adverse to it and appeals," is too general to be considered.

ACTION by Commissioners of Rutherford County against L. P. Erwin and others, to foreclose a tax certificate heard on exceptions to the report of a referee, by *Judge W. R. Allen* and a jury, at August Term, 1905, of Superior Court of RUTHERFORD. There was a judgment modifying and confirming the report, and on the report so modified, there was further judgment dismissing the action. Plaintiff excepted and appealed.

*Solomon Gallert* for the plaintiff.
*McBrayer & McBrayer* and *B. A. Justice* for the defendant.

140——13

COMMISSIONERS *v.* ERWIN.

HOKE, J., after stating the case: There is no objection properly noted in the case, which requires or permits. this court to disturb the judgment of the court below, and the same is affirmed.

The only exception to the action of the judge on the report is in this language: "The plaintiff excepts to such rulings adverse to it and appeals." A general exception to the many rulings of the judge below on a report and judgment of the kind here presented, is contrary to the course and practice of the court and will not be considered. If a party litigant considers himself aggrieved by the rulings of a judge on exceptions to the report of a referee, he should point out his objections by exceptions duly noted, and as a rule only objections so indicated will be considered. Rule of Practice No. 27; Clark's Code, sec. 422 and notes; *Young v. Kennedy,* 95 N. C., 266; *Battle v. Mayo,* 102 N. C., 413; *McKinnon v. Morrison,* 104 N. C., 354.

In *Young v. Kennedy,* it is held that an exception to the report of a referee will not be considered where it is vague and indefinite and imposes on the court the necessity of an examination of the entire record to find out its meaning.

And in Rule 27, requiring objections to be noted by exceptions briefly stated and numbered, it is said that "No exception not thus set out or filed and made a part of the case or record, shall be considered by the court other than exceptions to the jurisdiction or because the complaint does not state a cause of action, or motion in arrest for the insufficiency of an indictment."

It may be that a judgment and report thereon could be so restricted in its nature that a single or general exception would note the only point in question; but not so here; and there could be no better illustration of the wisdom of the rule and the reasonableness of its requirement than in the case now before us. Here is a complaint containing twenty-three allegations as necessary to state the plaintiff's grievance; on

answer duly filed a reference is ordered; the referee, after taking quite an amount of testimony, makes an elaborate and carefully prepared report on the points in controversy; to this report the plaintiff files thirty-seven exceptions as to what the report does and a good number indicated by letters as to what it fails to do. The judge below gives the matter painstaking consideration, passes upon the questions of law and fact, confirms or modifies certain portions of the report, and sets aside others, in some instances substituting his own finding of fact for those modified or set aside. It is a full and well considered judgment, and the only notice of any objection to it is in the language of the exception above stated.

Under the law and rules of practice, such an exception will not be considered as raising any valid objection, and the judgment of the court below dismissing the action, is affirmed.

While we rest our decision on the form of the exception, there seems to be no error in the proceedings or judgment, which gives the plaintiff any just ground of complaint.

Affirmed.