SLEDGE v. LUMBER CO.

(Filed March 6, 1906).

*Railroads—Negligence—Contributory Negligence—Damages*
*—Expectancy—Mortuary Tables—Evidence.*

1.  In an action for personal injuries, an instruction on the issue as
    to contributory negligence that "If the plaintiff was asleep and
    was thrown off the car by a sudden jerk caused by the negli-
    gence of the engineer or by pulling out the slack, and that said
    slack was the result of having no brakes on the cars, then the
    jury should answer the issue 'No,' " is erroneous, for if the neg-
    ligence of the plaintiff in going to sleep on a moving train con-
    curred with the defendant's negligence as the proximate cause
    of the injury, this would be contributory negligence.

2.  An instruction, on the issue as to damages, that the jury, having
    determined the decreased earning capacity for a year, must mul-
    tiply that sum by the expectancy of the plaintiff as fixed by
    mortuary tables, is erroneous, in that it makes the mortuary
    tables conclusive as to the plaintiff's expectancy.

ACTION by Willie Sledge against The Weldon Lumber
Company, heard by *Judge R. B. Peebles* and a jury, at the
August Term, 1905, of the Superior Court of NORTHAMPTON.

The plaintiff alleged that, being an employee of defendant
company, working on a logging train in September, 1904, he
was permanently injured by the actionable negligence of the
defendant company, and demands damage for his injuries—
the negligence imputed to defendant being negligent conduct
of the engineer, who was also conductor of the train, and who
stood towards the plaintiff in the position of vice-principal,
and further by the defective condition of the cars and make
up of the train, for that there were no brakes on the logging
cars, which resulted in allowing "slack" in the train to such
an extent that it greatly enhanced the danger of employees.
The defendant denied all negligence and claimed there was
contributory negligence in that the plaintiff, who was placed

on one of the cars, charged with certain duties, went to sleep while the train was in motion, and that his negligence in this respect was the proximate cause of the injury. Issues were submitted to the jury on the question of the defendant's negligence, contributory negligence on the part of the plaintiff, and as to damage. There was evidence of the plaintiff tending to support the allegations of the complaint and also evidence tending to support the defense.

On a verdict for the plaintiff, there was a motion for a new trial for exceptions noted during the progress of the cause, which was overruled. Judgment for the plaintiff. The defendant excepted and appealed.

*Gay & Midyette* and *Peebles & Harris* for the plaintiff.
*E. L. Travis* and *W. E. Daniel* for the defendant.

HOKE, J., after stating the case: Without adverting to the exceptions noted in determining the first issue, and which may not arise on a second trial, the court is of the opinion that the defendant is entitled to a new trial for errors in the charge on the issue as to contributory negligence and on the issue as to damages. On the second issue the court charged the jury as follows: "If the plaintiff was asleep and was thrown off the car by a sudden jerk caused by the negligence of the engineer or by pulling out the slack, and that said slack was the result of having no brakes on the cars, then you should answer the second issue 'No.'"

If the negligence of the plaintiff in going to sleep on a moving train concurred with the defendant's negligence as the proximate cause of the injury, or one of them, this would be an instance within the very definition of contributory negligence, and in such case the issue addressed to that question should be answered yes. Beach Cont. Neg., sec. 7; 7 Am. & Eng. Enc. (2 Ed.), 373. This error would seem to have been an inadvertence on the part of the judge below, but

it appears as an exception in the record and is material, and necessitates a new trial of the issue,

There was an issue framed on the question whether, notwithstanding the negligence of the plaintiff in going to sleep, the defendant could not then have avoided the result, and there is evidence tending to support such a claim. The jury, however, were not required to respond to this issue, and the part of the charge here referred to was confined to the issue of contributory negligence, and the error is not cured by any explanation.

Again, on the issue as to damages, the court told the jury that having determined the decreased earning capacity for a year, they must multiply that sum by 41½, the expectancy of the plaintiff as fixed by the mortuary tables. The error here consists in making the mortuary tables conclusive as to the plaintiff's expectancy; whereas, by the very language of the statute, they are only evidential to be considered with all other testimony relevant to the issue. The Revisal, 1905, sec. 1626, says that these tables shall be received "as evidence, with other evidence, as to the health, constitution and habits of such person, of such expectancy.   *   *   *"

There will be a new trial on all the issues and it is so ordered.

New Trial.