JOHN E. ODOM v. CANFIELD LUMBER COMPANY.

(Filed 14 March, 1917.)

1. **Master and Servant—Dangerous Employment—Negligence—Assumption of Risks.**

The fact that an employee engaged in helping to load a skidder on defendant's train, in the course of his employment, was aware of the danger of such work does not preclude his recovery for an injury resulting from the negligent and unexpected movement of the train, without the signal or warning customarily given under the circumstances. The instructions of this case upon the questions of negligence and proximate cause approved. *Pritchard v. R. R.*, 157 N. C., 102; *Mule Co. v. R. R.* 160 N. C., 221.

**2. Damages—Evidence—Mortuary Tables.**

> In an action to recover damages for a personal injury, the expectation of life tables, Revisal, 1626, are not conclusive, but merely evidential on the issue as to damages.

**3. Master and Servant—Negligence—Scope of Employment—Orders—Volunteer.**

> The plaintiff, an employee of the defendant, while engaged, in the course of his employment, in loading a skidder upon a logging train, attempted to get a chisel for his superior, under his order, and was injured by the negligent movement of the train without signal or warning. *Held,* he was not a volunteer in so acting; and, if otherwise, the defendant had no right to negligently injure him.

**4. Appeal and Error—Newly Discovered Evidence—Opinion—Discussion.**

> Upon motion in the Supreme Court to set aside the judgment appealed from for newly discovered evidence, the Court will grant or refuse the motion without discussion. *Johnson v. R. R.,* 163 N. C., 453, cited as decisive of this appeal.

ALLEN, J., dissenting; WALKER, J., concurring in dissent.

APPEAL by defendant from *Devin, J.,* at December Term, 1916, of ONSLOW.

*Duffy & Day and G. V. Cowper for plaintiff.*
*Frank Thompson, E. M. Koonce, Langston, Allen & Taylor, and Charles L. Abernethy for defendant.*

CLARK, C. J. The plaintiff was an employee of the defendant, cutting wood, rafting logs, driving the loading horse, and working on the railroad. It was the custom, known to the company and employees, that the men rode to and from their work on defendant's log train, and a whistle always sounded a short time before the engine started to give them notice that the engine was ready to move.

On this occasion the skidder was being jacked up on the car by the usual method of jacking up, letting the car go under it and then lowering the skidder down upon the car. The plaintiff was assisting in this work when Fred Garner, in charge of the skidder, told him to jump up on the engine and hand him down a cold chisel, and as he turned around to get off, the train started and made a hitch, and as plaintiff grasped the bracket block it gave way, throwing the plaintiff off, and the engine ran over his left foot. Joe Lockie testified that he was foreman, but Garner was in charge of the skidder; that he "was in charge of the whole business, but Garner was particularly in charge of the skidder." The plaintiff testified that no whistle was sounded or other warning given after he was sent upon the engine to get the chisel. He also said: "The morning I was hurt I did not have that warning of

the train starting. It had never failed to give warning. That was the first time it failed to blow at that time, that I know of." He was corroborated by the witness Ed. Jones, and his father and mother, Mr. and Mrs. Odom, testified that foreman Lockie admitted to them soon after the injury that the whistle did not blow. Lockie himself says that it was current among the employees at the time that if the whistle had been blown the plaintiff would not have been hurt.

The defendant demurred in this Court for the first time that the complaint did not state a cause of action, but we cannot sustain the demurrer. The exceptions to the evidence and the charge have been considered, but we do not think they can be sustained, or that they need discussion. The case was almost entirely one of fact, and the jury have found the facts against the defendant. The definitions of negligence and of proximate cause were given practically as set out in *Pritchett v. R. R.,* 157 N. C., 102; *Mule Co. v. R. R.,* 160 N. C., 221. The charge as to proximate cause is in accordance with what was said in *Ward v. R. R.,* 161 N. C., 184; *Alexander v. Statesville,* 165 N. C., 532. The defendant contends that such charge conflicts with *Drum v. Miller,* 135 N. C., 204. But we do not see any conflict between these cases.

Exceptions 3, 4, 6, 7, 8, and 9 require no discussion. As to the fifth exception, the fact that the plaintiff was an employee and knew the dangers incident to operating the skidder did not relieve the defendant of giving usual notice by blowing the whistle. *Noble v. Lumber Co.,* 151 N. C., 78, and cases there cited. Exceptions 10 and 11 were to the statement of plaintiff's contentions, and the defendant made no exception at the time. The court told the jury that the mortuary tables in the Revisal were not conclusive, but merely evidential. *Sledge v. Lumber Co.,* 140 N. C., 461.

Exception 12 cannot be sustained, for there is no evidence that the plaintiff volunteered to hand the chisel to Garner. The plaintiff testified that he was directed by Garner to jump up on the engine and get the chisel, while the defendant's contention was that there was no chisel, and that plaintiff was not sent for it. Moreover, if he had volunteered to help Garner, being a workman under him, this would not have given defendant the right to negligently injure him.

There was also a motion in this Court to set aside the judgment and verdict on the ground of newly discovered testimony. This Court, in *Brown v. Mitchell,* 102 N. C., 374, stated: "This Court will, as a rule, in future grant or refuse such motions without discussing the facts embodied in the petitions or affidavits, as we cannot see that any good will be accomplished by contributing another to the volumes that have been written upon the exercise of legal discretion" in such cases. This has been cited and approved in many cases, especially in *Herndon v. R. R.,* 121 N. C., 499, where the Court prescribed the practice in such cases

and held that we would not hear oral argument on such motions. This has been followed ever since, in *Crenshaw v. R. R.,* 140 N. C., 193; *Murdock v. R. R.,* 159 N. C., 132, and other cases. It may be well, however, to call attention to the summary of the rules as to the grounds of a valid motion as given by *Mr. Justice Walker* in *Johnson v. R. R.,* 163 N. C., 453. It does not appear in this case that the testimony of two witnesses which is now chiefly desired could not have been had if subpœnaed promptly, for they were both in the employ of the defendant company, and, moreover, their testimony would only have been cumulative.

No error.

ALLEN, J., dissenting: I am of opinion there ought to be a new trial on the issue of damages on account of the failure of his honor to restrict the recovery of prospective damages to their present value.

He nowhere told the jury that this was the rule for their guidance, and does not refer to present value, except in one place, when stating the contention of a party, and in this I think there is error. *Fry v. R. R.,* 159 N. C., 362.

WALKER, J., concurs in this opinion.