9678

CASE v. ATLANTA & C. A. L. RY. *ET AL.*

(92 S. E. 472.)

1. RAILROADS—CONTRIBUTORY NEGLIGENCE—DUTY TO LOOK AND LISTEN.— Under the law of North Carolina, one approaching a railroad crossing is not absolutely required to look and listen, as such duty may be qualified by obstructions preventing the exercise of the senses of sight and hearing, the condition of the crossing, the use made of the track, and the knowledge and familiarity of the person with the crossing, and other circumstances.

2. Appeal and Error—Review—Questions of Fact.—In law cases, the Supreme Court cannot pass upon the relative values of evidence.

3. Trial—Invasion of Province of Jury—Law of Other State—Negligence.—In an action for death in a crossing accident occurring in North Carolina, an instruction that the failure to sound the bell or whistle was not negligence *per se*, but merely a circumstance from which negligence could be inferred, was not a charge on the facts, though there is no statute in North Carolina imposing the duty of sounding the bell or whistle, as the Judge was bound to declare the law of that State whether in the form of a statute or an interpretation of the law by its Courts.

4. Trial—Questions of Law—Submission to Jury.—An instruction which defines negligence and leaves it to the jury to determine what acts and failure to act will make negligence is not objectionable as permitting the jury to decide what is negligence.

5. Trial—Invasion of Province of Jury—Effect of Evidence—Mortality Tables.—In an action for death, an instruction that, under the mortuary table of North Carolina, where the death occurred, the expectation of life would be 23.8 years, and that this was the rule for the jury to go by, was erroneous, as it made the table absolute and not merely evidence from which the jury could infer the expectancy.

6. Pleading—Striking Out Allegations—Prejudicial Allegations.— Where, in an action for death, the complaint alleged that deceased left a wife and five children, if the allegation was deemed prejudicial the remedy was to move to strike it.

7. Appeal and Error—Harmless Error—Instructions.—In an action for death, where the complaint alleged that deceased left a wife and five children, it was not prejudicial for the Court in stating the allegations of the complaint to state that this was one of the issues, as the complaint went to the jury and they could read it themselves.

8. Appeal and Error—Harmless Error—Instructions.—That, in an action for death, the Court used the expression, "the prime moving cause," instead of "a concurring proximate cause," was not reversible error where the verbal inaccuracy did no harm.

9. Railroads—Crossing Accident—Instructions—Contributory Negligence.—In an action for death in a railroad crossing accident, an instruction that, if deceased was exceeding the speed limit when killed, defendant was not liable, was properly modified by adding, "providing that such violations tend to show that the injury was proximately caused by the same."

10. Railroads—Crossing Accidents—Rate of Speed—Matters to Be Considered.—In determining whether or not a railway company was negligent in the operation of a train in reference to the speed at which it approached a highway crossing, it is proper to consider evidence tending to show whether the crossing was habitually used by the public, the extent of its use, the density of the population at

or near that place, the rate of speed, whether the proper signals were given, together with other evidence.

11. TRIAL—INSTRUCTIONS—NECESSITY OF REQUESTS—CONTRIBUTORY NEGLI-GENCE.—Where, in an action for death, the Court charged as to con-tributory negligence, if a fuller statement was desired, it should have been requested.

12. RAILROADS—CROSSING ACCIDENTS—EVIDENCE—CONDITIONS SUBSEQUENT TO ACCIDENT.—Where, in an action for death in a crossing accident, which occurred in August when leaves were on the trees and bushes, pictures were introduced which showed the trees and bushes bare of leaves, evidence as to subsequent changes in conditions was admissible, and the rule that evidence of additional safeguards after the accident is inadmissible had no application.

13. EVIDENCE—OPINION EVIDENCE—PHOTOGRAPHS—PLACE OF TAKING.—Where a witness knew the place represented by a photograph admitted in evidence, he could state the point from which it was taken, as no two places will give the same picture, and he could state the only place from which such picture could be taken.

Before WILSON, J., Spartanburg, November, 1915. Reversed.

Action by Mrs. G. E. Case, as administratrix of G. E. Case, deceased, against the Atlanta & Charlotte Air Line Railway and another. Judgment for plaintiff, and defendants appeal.

The charge as to the circumstances to be considered in the consideration of the speed of the train was as follows:

"In determining whether or not the railway company was negligent in the operation of its train, in reference to the speed at which it was running when approaching a given highway crossing, it is proper to consider evidence tending to show whether the crossing was habitually used by the public, the extent of its use, the density of the population at or near that place, the rate of speed at which the train was moving, whether the proper signals were given, together with other evidence, in determining whether or not such care

FOOTNOTE.—As to accidents to automobiles at railroad crossings, see notes in A. & E. Ann Cas. 1913b, 680, *Ib.*, 1915b, 767, 46 L. R. A. (N. S.) 702 to 708.

was used as was commensurate with dangers reasonably to be anticipated in approaching such a crossing."

*Messrs. Sanders & DePass,* for appellant, cite : *As to credibility of testimony:* 52 Fed. Rep. 884; Moore Facts, secs. 88, 777, 779, 1047; Rice Eq. 174; 94 S. C. 145. *Contributory negligence under North Carolina law:* 140 N. C. 209; 52 S. E. 932; 53 S. E. 866; 68 S. E. 1059; 69 S. E. 251; 83 S. E. 326; 79 S. E. 690. *Contributory negligence in management of automobile:* Huddy Automobiles (4th ed.), sec. 164; Berry Automobiles (2d ed.), secs. 418, 419, 421, 442; 156 Pac. 742; L. R. A. 1916e, 455; 81 N. J. L. 488; 21 L. R. A. (N. S.) 794; 88 S. E. 759. *Charge on negligence:* 41 S. C. 19; 132 N. C. 100; 43 S. E. 585; 49 S. C. 550, 558; 56 S. C. 524; 71 S. C. 156; 76 S. C. 49; 69 S. C. 434; 63 S. C. 494. *Negligence mixed question of law and fact:* 58 S. C. 229; 52 S. C. 291; 29 S. E. 303. *Issue for jury under North Carolina law:* 109 N. C. 597; 14 S. E. 352. *North Carolina mortuary tables:* 78 S. C. 353; 140 N. C. 461; 53 S. E. 295. *Infancy of children:* 122 N. C. 972; 30 S. E. 8. *Proximate cause:* 56 S. C. 91. *It was error to permit any evidence tending to prove any alterations or changes had been made by the defendant at or near this crossing since the accident:* 59 S. E. 696; 146 N. C. 324; 14 S. E. 51; 109 N. C. ; 65 S. C. 1007; 151 N. C. 281; note, 32 L. R. A. (N. S.), pages 1127 and 1234; 51st S. C. 222; 77 S. C. 69; 144 U. S. 202-207. *It was error for his Honor to allow the witnesses to give their opinion as to where the camera stood when exhibits were taken:* 170 N. C. 94; 154 N. C. 523; 117 N. C. 256; 104 N. C. 181.

*Messrs. Gwynn & Hannon, Mangum & Woltz* and *I. C. Blackwood,* for respondent, cite: *As to conflicting testimony:* 104 N. C. 416; 109 N. C. 472; 129 N. C. 305. *As to photographs in evidence:* 136 N. C. 115; 153 N. C. 148; 6 Enc. Ev. 502; 188 Pa. St. 496; 16 N. Y. Suppl. 503; 78 Pac.

983; 21 N. Y. Suppl. 353; 102 N. W. 102.    *Evidence as to changes:* 93 S. C. 98.    *Verification of photograph:* 6 Enc. Ev. 503; 71 Conn. 652; 105 Fed. 725; 66 Hun. 633; 21 N. Y. Suppl. 205; 75 Hun. 255; 27 N. Y. Suppl. 52; 73 N. E. 1002.    *Witness qualified by stating how he arrived at the conclusion stated and then gave his opinion:* 55 S. C. 341; 79 S. C. 81; 25 S. C. 24; 59 S. C. 315; 53 S. C. 448.    *Automobile accidents at crossings:* 171 N. C. 266; 166 N. C. 539; 169. N. C. 239; 167 N. C. 601.    *As to other travelers at crossings:* 155 N. C. 136; 151. N. C. 483; 170 N. C. 473. *Motion for nonsuit:* 122 N. C. 836.    *Direction of verdict:* 121 N. C. 26.    *Presumption of due care:* 132 N. C. 852; 141 N. C. 277.    *Negative testimony:* 62 N. W.. 908; 122 N. C. 832; 129 N. C. 79; 133 N. C. 85.    *Last clear chance:* 117 N. C. 616; 167 N. C. 614; 163 N. C. 444.    *Motion to direct verdict:* 159 N. C. 376.    *Charge as to signals:* 167 N. C. 615.    *Proximate cause:* 138 N. C. 41; 129 N. C. 78; 166 N. C. 125; 137 N. C. 393; 138 N. C. 41; 169 N. C. 240; 167 N. C. 390, 395.    *Inadvertent errors in charge:* 51 S. C. 312.    *Measure of damages:* 122 N. C. 1007; 123 N. C. 275.    *Issue as to contributory negligence:* 118 N. C. 1098, 1109, 1110; 118 N. C. 110; 87 S. E. 35.

May 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for the death of the plaintiff's intestate, G. E. Case, caused by a collision between a train of the defendants and an automobile, in which Mr. Case was riding, on a highway crossing in East King's Mountain, N. C., on the 17th day of August, 1914.    Mr. Case had crossed the railroad a little over a mile south of the crossing at which he was killed.    At the conclusion of the testimony, the defendant moved for the direction of a verdict on these grounds:

"(1) That there is no evidence to go to the jury as to the negligence of the railroad company.

"(2) That the evidence shows that the negligence of the plaintiff's intestate was a proximate cause of the—you might say the proximate cause of the—injury.

"(3) That, if there is any evidence tending to show negligence of the defendant, the uncontradicted evidence shows that the plaintiff's intestate was guilty of contributory negligence in not stopping, looking and listening."

This motion was refused. The verdict was for the plaintiff, and the defendants appealed.

There are 24 exceptions, but the appellants have grouped them, and we will adopt them.

Was it error not to direct a verdict for the reason (a) there was no evidence of negligence on the part of the defendants. (b) Was there uncontradicted evidence of contributory negligence on the part of plaintiff's intestate?

Inasmuch as this case will have to go back for a new trial, it would be manifestly prejudicial to the cause of the appellant for this Court to discuss the evidence. It is enough to say that there was sufficient evidence to send the case to the jury on the question of negligence on the part of the defendants and not sufficient evidence to direct a verdict as to contributory negligence on the part of the plaintiff's intestate.

The appellants claim that this case is governed by the North Carolina law, and that law requires one to look and listen before entering on a railroad crossing. This requirement is not absolute in North Carolina, as will appear from *Davidson* v. *Railroad Co.,* 170 N. C., page 284, 87 S. E., page 36:

"The rule prevails very generally and is firmly established in our law that it is the duty of a traveler, whether on foot or in some vehicle, to look and listen before entering upon a railroad crossing, and that his failure to do so is negligence, which will bar a recovery if it is the proximate cause of an

injury or death; but this duty is not always an absolute one, and may be qualified by attendant circumstances. * * *

"Circumstances which may be pertinent and may qualify the duty to look and listen are obstructions which prevent the exercise of the sense of sight and hearing; the condition of the crossing, the use made of the track over which the crossing runs, the knowledge and familiarity of the person with the crossing, and other circumstances."

The exceptions that raise these questions are overruled. In law cases, this Court cannot pass upon the relative values of evidence.

2. The appellants group their seventh, ninth and tenth exceptions and complain that the presiding Judge invaded the province of the jury when he charged that it was necessary to ring the bell or blow the whistle, or both, as circumstances demanded. A careful reading of the charge will show that the presiding Judge told the jury that, while it was the law in South Carolina that the failure to sound the bell or whistle was negligence, as a matter of law, yet, in North Carolina, it was not negligence *per se,* but merely a circumstance from which negligence could be inferred. The request to charge was in full accord with *Edwards* v. *Railroad,* 132 N. C. 100, 43 S. E. 858. Appellant takes the position that, while it is not a charge on the facts in charging South Carolina law as there is a statute here, it is a charge on the facts in declaring the North Carolina law, because there is no such statute there. The presiding Judge was bound to declare the law of North Carolina, whether that law was declared in the form of a statute, or the interpretation of the law by its Courts.

These exceptions are overruled.

3. The appellant groups exceptions 20, 21 and 22, and complains that his Honor erred in permitting the jury to decide as to what is negligence. His Honor defined negligence and left it to the jury to determine what acts and what failure to act would make negligence, as he was bound to do unless the acts relied upon had been

declared by the North Carolina Court, or a statute, to be negligence or evidence of negligence. We cannot make that plainer, unless we discuss the facts of this case, and we have seen that we should not do that.

4. The appellant complains that his Honor erred in charging the jury: "Now, what is his expectation of life, under the mortuary table of North Carolina? I believe it is claimed he was 46 years old. That would, under this table of expectation of life, be 23.8 years. So far as that is concerned, that is the rule for you to go by."

This made the mortuary table absolute, and not merely evidence from which the jury could infer the expectancy, and was error. *Sledge* v. *Lumber Co.,* 140 N. C. 461, 53 S. E. 295.

"The error here consists in making the mortuary table conclusive as to the plaintiff's expectancy; whereas, by the very language of the statute, they are only evidential to be considered with all other testimony relevant to the issue."

This exception is sustained.

5. The next assignment of error is that his Honor stated to the jury that one of the issues was that the deceased left a wife and five children and named them. The allegation was allowed to remain in the complaint. His Honor was simply stating the allegations of the complaint. If this allegation was deemed prejudicial, the remedy was to move to strike it out. The complaint went to the jury, and they could read it as his Honor did, and no harm was done by the reading.

6. The next assignment of error is that his Honor used the expression "the prime moving cause," instead of "a concurring proximate cause." It does not appear that the verbal inaccuracy has done any harm.

7. The next assignment of error is that his Honor refused to charge that, if the deceased failed to look and listen and in consequence thereof he was injured, then the defendant is

not liable.   We have seen that the requirement is not absolute under the North Carolina law.

8. His Honor was asked to charge the jury that, if the deceased was exceeding the speed limit when killed, the defendant is not liable.  His Honor added, "provided that such violation tend to show that the injury was proximately caused by the same."   The addition was proper.

9. The charge as to the circumstances to be considered in the consideration of the speed of the train is fully sustained by the North Carolina case of *Bagwell* v. *Railway Co.*, 167 N. C. 611, 83 S. E. 814.

10. In response to a request of counsel, his Honor charged as to contributory negligence, and, if a fuller statement was desired, it should have been requested.

11. The appellant complains of error in admitting evidence of the removal of obstructions after the accident. The general rule stated by appellant that evidence of additional safeguards used by defendant after the accident is inadmissible.   The statement of the rule is correct, but not applicable here.   The testimony is voluminous, though reduced to narrative form, and the Court may have overlooked the statement upon which appellant relies; but this Court can find no statement that appellants removed the obstructions.   The accident happened in the summer, when leaves were on the trees and bushes. Some of the pictures showed the trees and bushes bare of leaves.   It would be manifestly unfair to hold a man responsible for not seeing in August that which was plainly visible in February.   The deceased was liable for what he should have seen on that August day, and not at another time. The evidence was admissible.

12. The last exception complains of error in allowing witness to state the point from which a photograph was taken.   If the witness knew the place represented by the photograph, he could state the only place from which that picture could be taken.   No two places

will give the same picture of anything. This exception is overruled.

The judgment is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE GAGE. I dissent. I agree to a reversal, but not for the reason assigned in the leading opinion. I think the deceased was the author of his own death, and his administrators ought not to have a recovery.

MR. JUSTICE HYDRICK concurs in the dissenting opinion of MR. JUSTICE GAGE.