SALLIE K. YOUNG, ADMINISTRATRIX, v. E. A. WOOD & COMPANY.

(Filed 2 January, 1929.)

1. **Master and Servant—Liability of Master for Injuries to Servant— Safe Place to Work—Instructing and Warning Servant—Nonsuit.**

   Where the plaintiff's intestate was employed to work in the erection of a concrete pier of a bridge across a stream, and an action is brought to recover damages for his alleged wrongful death, evidence tending to show that the intestate had been working on the erection of this pier several days before it was high enough to be dangerous from the passing over it of heavy buckets of concrete, and that he was ordered to work on top of the pier without being warned of the danger under the changed circumstances from the passing of these buckets of concrete over the higher pier, and he was struck and killed by one of these buckets, is sufficient upon the actionable negligence of the defendant upon the appropriate issue, and defendant's motion as of nonsuit is properly denied.

2. **Same—Contributory Negligence of Servant—Assumption of Risk— Burden of Proof.**

   The defendant in an action to recover damages for a wrongful death has the burden of proving his defense of contributory negligence and assumption of risks.

3. **Master and Servant—Liability of Master for Injuries to Servant—Assumption of Risk.**

   Where the servant is killed while acting under the instruction of the master he is not held to assume the risks of existent dangers of which he is not aware.

4. **Death—Actions for Wrongful Death—Damages—Mortuary Tables— Evidence.**

   The statutory mortuary tables is but evidentiary and not conclusive evidence of the expectancy of life at the various ages stated. C. S., 1790.

APPEAL by defendants from *McElroy, J.,* at February Term, 1928, of McDOWELL. No error.

Action to recover damages for the wrongful death of plaintiff's intestate.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff's intestate, W. H. Young, injured and killed by the negligence of defendants, as alleged in the complaint? Answer: Yes.

"2. Did plaintiff's intestate, by his own negligence, contribute to the injury which resulted in his death, as alleged in the answer? Answer: No.

"3. Did plaintiff's intestate in his employment assume the risk of the injury as alleged in the answer? Answer: No.

"4. What damages, if any, is plaintiff entitled to recover? Answer: $23,500."

From judgment on the verdict, defendants appealed to the Supreme Court.

*W. R. Chambers, J. W. Ragland and W. T. Morgan for plaintiff.*
*Winborne & Proctor and Pless & Pless for defendants.*

CONNOR, J. During the year 1927, defendants were engaged in the construction of a concrete bridge across. Green River, near Saluda, North Carolina, under a contract with the State Highway Commission. Plaintiff's intestate, W. H. Young, was employed by defendants as a carpenter to work on and about said bridge. While engaged in the performance of his duties as an employee of defendants, the said W. H. Young sustained injuries, which resulted in his death. Plaintiff alleges that said injuries, and the death of her intestate resulting therefrom, were caused by the negligence of defendants in failing to exercise due care to provide for him a reasonably safe place to work. Defendants deny this allegation, and plead in bar of plaintiff's recovery of damages by this action, contributory negligence and assumption of risk. From the judgment on the verdict, establishing defendant's liability and assessing the damages which plaintiff is entitled to recover, defendants have appealed to this Court, assigning errors based upon exceptions aptly taken during the trial. We have examined the several assignments of error relied upon by defendants, together with the brief filed in this Court on their behalf. Neither of the assignments of error can be sustained.

The essential facts, as shown by all the evidence, are as follows:

At about 7:30 a. m. on Monday, 10 October, 1927, plaintiff's intestate was ordered and directed by the superintendent of defendants, in charge of the construction of said bridge, to go with other employees of defendants up on a pier in the river to remove therefrom certain forms into which concrete had been poured. Within a few moments after said intestate had reached the top of said pier, he was struck by a bucket, loaded with concrete and weighing about 1,500 pounds. He was knocked off the pier, and fell into the river, a distance of about 100 feet, thereby sustaining injuries which caused his death. The bucket which struck deceased and knocked him off the pier, was operated by defendants by means of a cable to which it was attached, for the purpose of conveying concrete and other material from the bank of the river to the bridge which was under construction. The cable to which the bucket was attached ran from one bank of the river to the other, passing over the. pier. The pier had been constructed in sections, each section being 14½ feet in height. The last section of the pier had been constructed on Friday preceding the Monday on which deceased was killed. The

pier, after the construction of this last section, was about 100 feet high. Prior to the construction of the last section, the bucket passed over the pier at a sufficient distance not to endanger employees of defendant at work on its top. After its construction, due to the sagging of the cable, caused by the weight of the loaded bucket, employees of defendants at work on the top of the pier were exposed to the danger of being struck by the bucket as it passed over the pier. Plaintiff's intestate had not been on the top of the pier since the last section was constructed on Friday, raising the height of the pier 14½ feet. There was evidence tending to show that plaintiff's intestate was not instructed at the time he was ordered and directed to go up on the pier to work, as to the changed conditions which made the place at which he was to work dangerous. There was evidence to the contrary, the superintendent testifying that he warned said intestate of the danger from the bucket, at the time he ordered and directed him to go up on the pier. The evidence pertinent to the first issue was properly submitted to the jury, under instructions which are free from error.

We find no error in the instructions with respect to the second and third issues. Assignments of error based on exceptions to these instructions cannot be sustained. The jury was properly instructed that the burden upon these issues was upon the defendants. It may be doubted whether there was any evidence tending to show that deceased contributed to his injuries and death by his negligence. It might well have been held that plaintiff's intestate did not assume the risk, of being struck and knocked off the pier by the bucket which passed over the place where he was required to work, from time to time. It could not be held that plaintiff's intestate assumed a risk of which he had no knowledge, when in obedience to defendants' orders he went to the place at which he was directed by defendants to work. There were risks which were and must have been obvious to plaintiff's intestate. His injuries were not caused, however, by any of these risks, which it may well be held that he assumed, when he went up on the pier to work.

There was no error in the instructions relative to the fourth issue. The instruction with respect to the probative value of the Mortuary Table to which defendants excepted, cannot be held as error. The jury was properly instructed that this table, as set out in C. S., 1790, is not conclusive, but only evidentiary. *Odom v. Lumber Co.,* 173 N. C., 134, 91 S. E., 716.

As we find no error on this record, the judgment must be affirmed. It is so ordered.

No error.