J. W. McCLAMROCH, EXECUTOR OF ESTATE OF J. R. McCLAMROCH, DECEASED, v. COLONIAL ICE COMPANY AND JOHN BIDDING.

(Filed 2 February, 1940.)

1. Evidence § 34—

The contents of a public record may be proven in any court by the original record itself.

2. Appeal and Error § 39b—Error, if any, in admission of evidence held cured by verdict.

In this action for wrongful death plaintiff objected to the admission in evidence of his testator's death certificate, which had not been certified in accordance with C. S., 7111, plaintiff contending that the admission of the certificate was prejudicial for that the contents supported an inference that testator's death did not result from the accident in suit. *Held:* The verdict of the jury in plaintiff's favor on the issue of negligence rendered the error, if any, in the admission of the certificate harmless.

3. Appeal and Error § 39d—

Ordinarily, an exception to the admission of evidence cannot be sustained when similar evidence is admitted without objection.

4. Trial § 31—

The remarks of the trial court upon being interrupted during his charge to the jury by a witness interested in the event, who sought to correct an inadvertence in a statement by the court, C. S., 401, *held* not to disparage or discredit the witness so as to constitute prejudicial error.

5. Evidence § 16—

The charge of the court upon the credibility to be given testimony of interested witnesses *held* without error.

6. Death § 8—

Charge of the court on the issue of damages in this action for wrongful death *held* without error, C. S., 1790, 161.

7. Appeal and Error § 37b—

The plaintiff excepted to the refusal of the court to set aside the verdict upon his contention that it reflected a compromise in that immediately after requesting and receiving additional instructions, the jury returned a verdict awarding inadequate damages. *Held:* In the absence of error of law or legal inference, the direct supervision of verdicts is a matter resting in the sound discretion of the trial court and is not reviewable.

APPEAL by plaintiff from *Sink, J.*, at 17 April, 1939, Civil Term, of GUILFORD.

Civil action for recovery of damages for alleged wrongful death. C. S., 160.

Plaintiff alleges and offers evidence tending to show that the testator, J. R. McClamroch, died 16 December, 1935, as result of injuries re-

ceived on 20 February, 1934, and proximately caused by the negligent operation of truck of defendant Colonial Ice Company while being driven by its servant, Roscoe Garner, along Elm Street in the city of Greensboro, North Carolina, by reason of which the plaintiff has been greatly damaged.

Defendant denies the material allegations of plaintiff and pleads the contributory negligence of the testator, J. R. McClamroch, in bar of recovery and offers evidence upon issues joined.

When the case was called for trial plaintiff submitted to judgment as of nonsuit as to defendant John Bidding, for that he was an improper party.

Upon the issues submitted the jury returned the following verdict:

"1. Was plaintiff's testator injured and killed by carelessness and negligence of the defendant, Colonial Ice Company, as alleged in the complaint? Answer: 'Yes.'

"2. Did plaintiff's testator, by his own carelessness and negligence, contribute to his injury, as alleged in the answer? Answer: 'No.'

"3. What damage, if any, is plaintiff entitled to recover of the defendant, Colonial Ice Company? Answer: '$1,000.00.' "

The court entered judgment thereon for the plaintiff, from which plaintiff appeals and assigns error.

*Frazier & Frazier for plaintiff, appellant.*
*Sapp & Sapp for defendant, appellee.*

WINBORNE, J.   A careful consideration of plaintiff's exceptive assignments fails to reveal reversible error. They are presented in four groups, and will be so considered in this opinion.

I. The court permitted defendant, over objection by plaintiff, to introduce in evidence: (a) Death certificate showing death of plaintiff's testator, J. R. McClamroch. Plaintiff contends that, upon two grounds, the admission of this certificate is prejudicial error: (1) Lack of proof of its authenticity for that same is not certified in accordance with the method prescribed in C. S., 7111. As to this, the record discloses that after objection upon the ground that the certificate is not authenticated and that it is "incompetent, irrelevant and immaterial," counsel for plaintiff qualified the objection by saying: "We don't deny that it is a record in the clerk's office, but we deny its materiality and the competency." Whereupon, "with the qualification stated by plaintiff's counsel" the objection is overruled. Therefore, it appears that the objection is limited to materiality and competency, and not to the method of proof of the instrument itself. However, the contents of a public record may be proven in any court by the original record itself. *Blalock v. Whis-*

*nant,* 216 N. C., 417, 5 S. E. (2d), 130, citing cases. (2) That the admission of the certificate is prejudicial for that there being no answer to the question: "If death was due to external causes (violence), fill in also the following," defendant could argue, and argued, that if the death of testator had been caused by accident the doctor would have said so. The verdict of the jury, however, negatives any prejudicial effect of the lack of answer to the question. Hence, if there were error in admitting the certificate in evidence, no harm has resulted to plaintiff. *Cochran v. Mills,* 169 N. C., 57, 85 S. W., 149. (b) Letter from Jas. McClamroch, who is a lawyer, and son of the testator and brother of the plaintiff executor, to the clerk of Superior Court of Guilford County, conveying information that: "There are no assets in the estate and that the sole purpose in instituting the administration was to bring suit for wrongful death," and that, hence, "there are no inventories, accounts, or other reports to be filed." Plaintiff contends that thus letter, not having been written by the plaintiff, is incompetent. He relies upon the decision in *Carpenter v. Power Co.,* 191 N. C., 130, 131 S. E., 400. The factual situation there, however, is distinguishable from that here. It is noted that here the letter purports to have been written in response to a card from the clerk to the plaintiff, J. W. McClamroch, calling for annual report on this estate. Further examination of the record discloses that the writer of this letter, as a witness for plaintiff, testified, that from his knowledge and familiarity with the business and the records of the business of his father, of which the father was sole proprietor, he knew of the large earnings of his father over a long period of years. Then, in the course of cross-examination with respect thereto, the witness identified the letter in question, and, without objection by plaintiff, the same was read into the record as a part of the testimony of the witness.

Later, when defendant came to offer evidence, plaintiff then objected to the admission of the letter in evidence. The record also discloses that later in the trial and without objection a report of the plaintiff as executor of the estate of the testator, giving similar information to that contained in the letter, was introduced in evidence at the instance of defendant.

In the light of the record, the admission of the letter is harmless. The general rule, as established in long line of decisions in this jurisdiction, is that evidence is harmless when similar evidence is admitted without objection. *Smith v. R. R.,* 163 N. C., 143, 79 S. E., 433; *Shelton v. R. R.,* 193 N. C., 670, 139 S. E., 232; *Colvard v. Power Co.,* 204 N. C., 97, 167 S. E., 472; *Owens v. Lumber Co.,* 212 N. C., 133, 193 S. E., 219; *S. v. Bright,* 215 N. C., 537, 2 S. E. (2d), 541, and numerous other cases.

Hence, we deem it unnecessary to debate the question of competency and relevancy of the letter.

II. The next assignment relates to an exception taken after trial with respect to an incident occurring during the charge, and to a portion of the charge immediately following.

It appears from the record that the court referred to the executor J. W. McClamroch as a witness, when in fact it was Jas. G. W. McClamroch who had testified. Then the incident occurred in detail as follows: "Mr. McClamroch: May I interrupt, your Honor? The Court: I will hear from your counsel but not from a litigant. Mr. Frazier: What he wanted to say to your Honor was—— The Court: He is a lawyer and he knows better than that. Mr. McClamroch: I beg your pardon. The Court: I will be glad for you to interrupt me, Mr. Frazier. Mr. Frazier: What Mr. McClamroch had called my attention to and I did not catch it was that Mr. McClamroch is not the executor. That is his brother. The Court: I see. I had it in mind that this was Mr. J. W. McClamroch. Mr. Frazier: No, sir. The Court: In any event, gentlemen, Mr. McClamroch—what are the initials of the witness? Mr. Frazier: Mr. J. G. W. McClamroch. The Court: Mr. J. G. W. McClamroch, according to the testimony, is the son of the testator. I just got the initials wrong. I was under the impression that this Mr. McClamroch was the executor."

Thereupon, the court proceeded with the charge as follows: "The court charges you that he is an interested witness, and that you will scrutinize his testimony because of his interest in the case. The law does not stop here, however. It says that the court must charge you to do exactly that, but it goes further than that and says that after you have scrutinized his testimony—and, gentlemen, that same rule would apply to Mrs. McClamroch, the wife of the deceased—but it says that after you have scrutinized the testimony of these interested witnesses, if you shall find that they, or either of them, have or has testified to the truth, then it is your duty to give to the testimony that you shall find to be the truth, if any, even though it may have come from interested witnesses, the same weight and consideration you would had it fallen from the mouth of a disinterested witness."

Do the remarks of the court tend to disparage or to discredit the witness' testimony? The Court has declared upon the subject in numerous cases, notably these: *S. v. Rogers,* 173 N. C., 755, 91 S. E., 854; *S. v. Bryant,* 189 N. C., 112, 126 S. E., 107; *S. v. Buchanan,* 216 N. C., 34, and cases cited.

Tested by these decisions, a reading of the report of the instant incident fails to convey the impression that it comes under the prohibition of the legal ban.

Also, it is provided by statute, C. S., 401, that a party may appear "either in person or by attorney in actions or proceedings in which he is

interested." Speaking to the effect of this statute in the case of *Abernethy v. Burns,* 206 N. C., 370, 173 S. E., 899, *Stacy, C. J.,* said: "It is the general holding that a party has the right to appear *in propria persona* or by counsel. This right is alternative. A party has no right to appear both by himself and by counsel. Nor should he be permitted *ex gratia* to do so."

The further charge with respect to testimony of interested witnesses is in harmony with recognized rule.

III. Plaintiff next assigns in group as error various portions of the charge bearing upon the issue of damages and with respect to the probative value of the mortuary tables. C. S., 1790. The exceptions are not well taken. From examination of the portions to which the exceptions relate it appears that in stating the rule for the admeasurement of damages, the court has followed in the main the exact language of the statute, C. S., 161, as applied in decisions of this Court in such cases. *Purnell v. R. R.,* 190 N. C., 573, 130 S. E., 313; *Carpenter v. Power Co., supra.*

Then as to the mortuary table, the charge taken as a whole in effect declares that the table is not conclusive, but only evidentiary. *Odom v. Lumber Co.,* 173 N. C., 134, 91 S. E., 716; *Young v. Wood,* 196 N. C., 435, 146 S. E., 70; *Trust Co. v. Greyhound Lines,* 210 N. C., 293, 186 S. E., 320; *Hancock v. Wilson,* 211 N. C., 129, 189 S. E., 631.

We think the charge as given substantially complies with the statutory requirements of C. S., 564.

IV. Lastly, plaintiff contends that the court erred in refusing to set aside the verdict, and in the judgment.

It is contended that the verdict reflects a compromise; that the jury was confused with reference to the issues; that "they came in for further instructions"; and after being further instructed retired and soon returned with a verdict of $1,000, which plaintiff contends is inadequate.

As stated in *Johnston v. Johnston,* 213 N. C., 255, 195 S. E., 807, "It is the rule in this jurisdiction that in the absence of some imputed error of law or legal inference arising in connection therewith, the direct supervision of verdicts is a matter resting in the sound discretion of the trial court, and is not reviewable on appeal." Here nothing appears which would warrant a departure from this rule.

No error.