TABLE ROCK LUMBER COMPANY v. A. J. BRANCH.

(Filed 23 December, 1911.)

1. Appeal and Error—New Trial Ordered—General Terms—On All Issues.

While a new trial granted may, within the discretion of the court, be restricted to an issue entirely separate and distinct from the others when it is clear that there is no danger of complication, it is error for the trial judge to so restrict the trial, when a new trial, ordered by the Supreme Court, is general in its terms, for there should be a new trial of the whole case on all the issues.

2. Deeds and Conveyances—Clerk's Probate—Requisites—Probate Taken Before Other Officers.

It is only required for a valid probate that the clerk should certify to the proof of a deed taken before him under the statute, Revisal, sec. 104, and it is only when he passes upon a probate taken before some other officer that he is required to certify to the correctness of the probate and certificate, and order the instrument to be registered (Revisal, sec. 999) according to the form prescribed by Revisal, sec. 1001, or one substantially the same.

3. Wills—Probate—"Duly Proven"—Inference—Burnt and Lost Records—Evidence—Practice.

*Semble,* an entry made of record in the minute-book of the county court regarding the probate of a certain will in the chain

of title of a party claiming the lands involved, that the will was duly proven by the oath of two subscribing witnesses, according to law, would irresistibly imply that the testator signed the will in their presence and they in his; but in the case at bar the party may recover without this proof, and this question is adverted to only for the purpose of suggesting that if he wishes to rely upon the will, in a new trial ordered, he may perhaps restore the lost record under the provisions of Revisal, ch. 2.

4. **Appeal and Error—New Trial in One—Same Result in the Other —Appeal Dismissed—Practice.**

When both parties appeal, and in one appeal a new trial is ordered, an appeal as to the other will be dismissed when it appears that the questions are the same and the determination of the other case will necessarily dispose of both appeals.

APPEAL from *Long, J.,* at August Term, 1911, of BURKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Avery & Ervin for plaintiff.*
*S. J. Ervin and Spainhour & Mull for defendant.*

WALKER, J.   This case has been before us several times and is reported in 150 N. C., pp. 110, 240.

At the Fall Term, 1910, of this Court, we granted a new trial for newly discovered evidence. The appeal had been taken by the plaintiff, who had recovered in all respects at that trial, except as to the land within the boundary of what is known in the case as the Brite grant, containing 300 acres. When the case was heard the last time, the court held that the new trial was limited by the order of this Court, though general in its terms, to the Brite grant, and that the defendant could not reopen issues upon which he had lost at the former trial, •and to this ruling defendant excepted. We think the Court erred in thus restricting the new trial. Our order, as we have said, was general in its terms, and extended to all the matters involved in the case. We were not asked to limit the new trial to any particular question, and did not do so. This Court, upon application, can grant a general or a partial new trial, as it may see fit under all the circumstances; but when a new trial is granted, nothing more being said, it means a new trial of the whole

case—of all the issues, and not merely of one of them, or, as in this case, of a part of one. The new trial refers to the issue and is not restricted by the answer to the issue, unless the Court, in the order, confines its scope to a particular issue or a particular question.

It is settled beyond controversy that it is entirely discretionary with the Court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or resaon for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication. *Benton v. Collins,* 125 N. C., 83; *Rowe v. Lumber Co.,* 133 N. C., 433. In the last cited case we said: "The issue submitted at the first trial was, Are the plaintiffs the owners of the land in controversy or any part thereof, and if of any part, what part? The answer to that issue was 'No.' There were three tracts of land in dispute, and if an error was committed as to any of them this Court must of necessity give a new trial as to all, though there may have been no error committed as to one of them. This results from the form of the issue. If a separate and distinct issue had been submitted as to each tract, and an error had been committed as to one only, the Court even in that case could have given a general new trial; but in its discretion could have restricted the new trial to the issue or issues as to which the error was committed. When the issue is general, embracing within its scope several distinct pieces of property or tracts of land, the new trial must be general, because the issue and, consequently, the verdict are in their very nature indivisible. This seems to have been expressly decided. *Beam v. Jennings,* 96 N. C., 82; *Holmes v. Godwin,* 71 N. C., 306." Of course, in the latter part of the passage taken from that case we referred to a verdict which merely gives a general answer, affirmative or negative, to the issue. In that case the issue was general in its terms and embraced several tracts of land, and the answer thereto was "No." Besides, in this case, there may be danger of doing injustice to the defendant by granting a partial new trial. But the fact remains, after all has been said, that we ordered a general and not a partial new trial, and the court

should have tried the case below in accordance therewith. It was error not to do so, for which there must be another trial.

There is one question we must decide before remanding the case. The plaintiff offered as evidence a deed from A. C. Avery and wife to John Cheever, dated 27 August, 1878, and defendant objected to it upon the ground that while the probate, as appears by the annexed certificate, is full and correct in form, there was no fiat or order of the clerk of the court, D. C. Pearson, for the registration thereof. The objection was overruled and the deed admitted. Defendant excepted. We think the ruling was correct. The statute does not seem to require an order to registration when the deed is proven before the clerk, but merely a certificate of the proof. Revisal, sec. 1004. When he passes upon a probate taken by some other officer, he must certify to the correctness of the probate and the certificate, and order the instrument to be registered (Revisal, sec. 999) according to the form prescribed by Revisal, sec. 1001, or one substantially the same.

The court excluded a copy of the will of George Hice, Sr., certified by W. S. Sudderth, clerk of the county court, to be a true and correct copy of his will on 12 November, 1855. The handwriting of Sudderth was duly proven by the examination of L. A. Bristol. The defendant then offered the minute-book of the county court, from which it appeared that the will of George Hice, Sr., had been offered for probate by his executor, G. W. B. Hice, who appeared by his attorney, W. W. Avery, and that a caveat filed thereto by Elizabeth Hice and an issue of *devisavit vel non* ordered to be made up, which was done, and the case docketed for trial. The caveat was afterwards withdrawn and the executor qualified. Then appears this entry: "By consent of parties, the defendant, Elizabeth Hice, is permitted to withdraw the issue heretofore made in this case and confess judgment for the costs heretofore incurred. Whereupon the executor, George W. B. Hice, offered for probate the last will and testament of George Hice, which was duly proven by the oath of John Parks and Thomas Carleton, the two subscribing witnesses thereto, according to law. And the said G. W. B. Hice took the sundry oaths as executor, and letters testamentary

issued. The said Elizabeth Hice, widow of George Hice, came into court in proper person and entered her dissent to the provisions of the said will, and refused to accept the legacy therein given her, and filed her petition for her year's allowance, which is granted. (See trial docket.)"

We are inclined to the opinion that the certified copy, as authenticated by the entries on the records of the court, was competent evidence of the due execution of the will, and that it should have been admitted. The plaintff objected to it upon the ground that it did not appear by the records or the copy of the will that the two subscribing witnesses, named in the entry we have set forth, actually subscribed as witnesses in the presence of the testator, though it is admitted that it sufficiently appears that George Hice, Sr., signed the will in their presence. It is not stated expressly in the entry that he so signed the will, but only inferentially from the words, "which was duly proven by the oath of John Parks and Thomas Carleton, the two subscribing witnesses, according to law," and we do not see why the other fact may not as well be inferred from those words. They could not well be subscribing witnesses unless he signed or acknowledged his signature in their presence, and they, as witnesses, subscribed it in his presence. Revisal, sec. 3113; *In re Snow's Will,* 128 N. C., 100; *Burney v. Allen,* 125 N. C., 314; *Graham v. Graham,* 32 N. C., 219. The statement that the will was duly proven by the oath of the two subscribing witnesses, according to law, would seem to clearly imply, by irresistible inference, that there was legal proof of his signing in their presence and they in his, for otherwise the will would not have been duly proven. *Cochrane v. Improvement Co.,* 127 N. C., 386. No doubt a full certificate of probate was filed and recorded with the will, showing all the facts which should appear. It was admitted that the records of the court had been burned many years ago. We need not decide this question, though, as the defendant succeeded at the trial without the necessity of resorting to the will as evidence, so it is stated. We merely advert to it for the purpose of suggesting that if the defendant wishes again to rely upon the will as evidence, he may perhaps restore the lost record under the provisions of

Revisal, ch. 2, entitled, "Burnt and Lost Records," and thereby avail himself of it as proof. It is too important and far-reaching a question to decide finally without a more extended argument and consideration of it.

We must regretfully order another trial of this much litigated case, because of the error in restricting the last trial to the consideration only of rights arising under the Brite grant.

New trial.

### PLAINTIFF'S APPEAL.

WALKER, J. As we have ordered a new trial of this case in the consideration of the defendant's appeal, it is useless to pass upon the alleged errors which are assigned in the plaintiff's appeal. The rulings may be different on the next trial and the case presented in an entirely different aspect. Besides, the plaintiff will derive from the new trial granted in the other appeal all the advantage he now seeks. The whole matter is reopened for a new investigation, and we can do no more than this for him, should we review the rulings of the court to which he has excepted. If we sustained any one or all of his assignments, the result would be the same as it is now—that is, a new trial. We must, therefore, take the usual course in such cases and dismiss the appeal.

Appeal dismissed.