STACY, J., concurring in result; WALKER and ALLEN, JJ., dissenting.
The plaintiff's intestate was killed 30 September, 1919, by the overturning of a one-ton motor truck near Icard, which was owned and operated by the defendant in connection with his hardware business. It was driven by an employee, Titus Hefner. In September, 1919, the defendant contracted to install certain hearing pipes at Valdese, fourteen miles from Hickory, and Herbert Miller and deceased were directed to take the materials and tools up there to do the work. On 30 September they started on the truck with the material and tools, Titus Hefner driving. The truck was five feet wide and had one seat, hardly so wide, back of which was the bed of the truck with the pipes and tools. Hefner, the driver, occupied the seat on the left, Miller sat beside him, and Huffman sat on the floor of the car at Miller's feet on the right-hand side, his feet being on the running board. About eight miles on the Hickory-Morganton highway and just west of Icard they crossed a concrete bridge onto a low straight fill when Hefner, the driver, suddenly turned his steering wheel to the right, then to the left, then to the right again and drove the truck out of the road on the right-hand side. The right wheels went over the right bank of the fill, ran this way for 20 or 30 feet, when the truck turned over and Huffman was caught under it and crushed to death. This action is by the widow as his administratrix to recover damages for the negligent injuries to and death of her husband. Contributory negligence was pleaded, and the court submitted the usual three issues of negligence, contributory negligence, and damages. The jury found the first two in the affirmative and did not answer the third. Judgment. Appeal by plaintiff. *Page 427 
It is alleged in the complaint, and there is evidence to prove the allegation, that the defendant was a tinner and metal worker and has for years operated a hardware store in Hickory in connection with which he does the work of roofing houses, guttering, cornices, etc., and that from time to time he sends out workers from his store and shop, not only in that town but in other places where he has the doing of tin and metal work in connection with contracts for the construction, equipment of repair of buildings, public and private; and that for the purpose of transporting his employees, tools and materials from place to place the defendant has for some time past maintained and operated a motor truck and regularly employed a driver therefor; that on 30 September, 1919, the defendant ordered two of his employees, Herbert Miller and Noah D. M. Huffman, the deceased, to Valdese to do certain tin and metal work which he had contracted to do there, and undertook to convey them from Hickory to Valdese in this automobile driven and controlled by Titus Hefner, the defendant's driver; that on said journey said Titus Hefner operated the truck negligently, heedlessly and recklessly so that it overturned and caught beneath it said Noah D. M. Huffman, who was so crushed, bruised and injured by the great weight of the truck falling on him that in a few moments thereafter he died; that the death of plaintiff's intestate was proximately caused by and was due to the negligence and wrongful conduct of the defendant's servant driver, the said Hefner, in his failure to exercise ordinary and reasonable care for the safety of plaintiff's intestate while transporting him under defendant's orders and on defendant's business, and by the careless, heedless, and negligent manner in which the truck was driven in violation of the duty which the defendant owed to the deceased of safe carriage, and that said Titus Hefner was an unskilled, incompetent, unsuitable, incapable, inefficient and unsatisfactory person to operate a motor truck, and was negligent, careless and negligent in his manner of operating the same; all of which was known to the defendant prior to September, 1919, or in the exercise of reasonable care upon his part in the selection and retention of an employee for such purpose could and should have been known to him.
The answer alleges that the defendant's employees generally used their bicycles in going to and from the trips, or by rail, but says that at certain times, for the convenience of his help and to save them cost, and at their request, he would transport them to their places of work, for which he uses a truck; that Titus Hefner was an experienced and careful driver; that on the occasion mentioned the deceased and Miller, *Page 428 
who were to do certain work at Valdese, had instructions to go by passenger train, but that they prevailed upon J. Hefner, who it appears from the evidence superintended the business of said defendant in his absence, to let the said Titus Hefner carry them over to Valdese by said truck, which was without the knowledge or consent of the defendant, and at the time said Titus Hefner was under the orders and command of said Huffman and Miller, who knew the experience and capacity of Titus Hefner as a truck driver. The defendant further avers that the overturning of the truck and the injury causing the death of deceased was not due to any negligence on the part of the defendant but accrued from some unforeseen and accidental cause when Hefner was driving the vehicle with care; and alleges that the deceased, Huffman, contributed to his injury by contributory negligence "in that the deceased was requested by Herbert Miller, in making the trip mentioned, to ride on the seat of the said motor truck, but that he negligently, carelessly, and heedless of his own safety, sat down on the floor of the body of the said truck with his feet and legs on the outside of the same, his feet resting on the running board, and that by so doing he negligently contributed to his own injury." The following issues were submitted to the jury:
1. Was plaintiff's intestate injured and killed by the negligence of the defendant as alleged in the complaint? Answer: "Yes."
2. If so, did the plaintiff's intestate, by his own negligence, contribute to his own injury, as alleged in the defendant's answer? Answer: "Yes."
Upon the verdict, judgment was entered in favor of the defendant, and the plaintiff appealed.
The first assignment of error was for the submission by the court, over plaintiff's objection, of the second issue, upon the ground that the facts as alleged in the answer did not sustain such plea. There was no evidence offered of contributory negligence beyond the allegation as set out in the complaint, and the second assignment of error is that the court refused the following prayer to instruct the jury: "If you come to the consideration of the second issue, the court instructs you that there is no evidence of contributory negligence, and it is your duty to answer this issue `No.'"
The court instructed the jury: "There is only one view of this case in which the court submits to you the second issue which has been read and explained, `Was plaintiff's intestate guilty of contributory negligence in the way and manner in which he sat in the truck on the trip from Hickory to Valdese?'" and the plaintiff excepted because nothing in the evidence tended to show that the sitting on the floor of the car in any wise contributed to the deceased's death. There is no evidence tending to prove that the defendant's sitting on the floor of the truck *Page 429 
with his feet on the running board was negligence, and still less that it contributed in any way to the injury from which he died. The burden being upon the defendant to prove contributory negligence, it was error to submit the issue when there was no evidence to show negligence and that it was proximate cause.
A definition of contributory negligence, is "Some failure of duty which the deceased owed to himself under the circumstances, and that such negligence cooperating with the negligence of the defendant, found in the first issue, was the proximate cause of the injury." There was no casual connection shown that the sitting on the floor of the car by deceased with his feet on the running board affected in any way the driver's carelessly driving out of the road and off the fill. Shearman Redfield (5th Ed.), secs. 90-93, or contributed to the overturning of the truck, which occurrence the defendant contended was accidental or due to some unknown cause.
The court erred in refusing, upon the testimony, to charge that there was "no evidence of contributory negligence, and that it was the duty of the jury to answer that issue `No.'" There was no controversy as to the position of the three occupants of the truck other than that the deceased sat on the edge of the truck with his feet on the running board. The defendant offered no testimony that the deceased being there in any way caused the overturning of the truck, which occurred because the driver, as they crossed a concrete bridge onto a low straight fill, suddenly turned his steering wheel to the right, then to the left, then to the right again and drove the truck out of the road on the right-hand side, the right wheels going over the right bank of the fill, and after running this way for 20 or 30 feet the truck turned over and Huffman was caught under it and crushed to death.
There was allegation and much evidence offered by the defendant tending to show that the deceased was killed by an accident and without any negligence on the part of the driver of the truck; also that the deceased and Miller were in charge of the truck and the driver was under their orders; also the defense was set up that the deceased assumed the risk. That the deceased and Hefner were fellow servants was not pleaded; and, on the contrary, both the complaint and the answer alleged that they were not. But all these defenses were matters arising upon the first issue, "Was plaintiff's intestate injured and killed by the negligence of the defendant as alleged in the complaint, as to which the jury responded `Yes.'" The defendant made no exception as to that issue and has not appealed, and we must take it that said issue was properly submitted without error in the charge of the court or in the admission of evidence. *Page 430 
We think there was error in the particulars above pointed out, in the submission of the issue as to contributory negligence, as to which the burden of proof was upon the defendant and as to which neither the allegations in the answer nor the proof, which did not go beyond said allegations, justified the submission of said issue to the jury.
On appeal, it is in the discretion of the court whether to restrict a new trial to the issue or issues affected by the error. Strother v. R. R.,123 N.C. 199, and numerous cases there cited. Wherever the error is confined to one or more issues separable from the others, and it appears to us that no prejudice will result from such course, this Court usually grants a new trial restricted to such issues. Lumber Co. v. Branch,158 N.C. 251, which the plaintiff requests us to do in this case. This the Court could do, but we are of the opinion that, as this case must go back for trial upon the issue of contributory negligence and of damages, that we should direct a new trial upon all the issues.
New trial.
STACY, J., concurs in result only.