POSEY COGDILL v. BOICE HARDWOOD COMPANY.

(Filed 21 December, 1927.)

**1. Negligence—Instructions—Proximate Cause—New Trials.**

Where there is evidence tending to show that the plaintiff was injured by the negligence of the defendant's *alter ego* in charge of work in a cut where the plaintiff was engaged in the scope of his employment, by a piece of ice sliding down a mountain slope and striking him, an instruction that does not refer to the question of negligence or proximate cause, is to the defendant's prejudice and reversible error.

**2. Instructions—Statutes—Expression of Opinion—Negligence—Damages.**

In an action to recover damages for a permanent injury alleged to have been negligently inflicted, an expression in the charge as to the

presumed time the plaintiff would live, and the consequent diminution of his earning capacity, falls within the inhibition of our statute, C. S., 564.

**3. Appeal and Error—Record—Case.**

Where the case on appeal has not been settled by the trial judge, but by agreement of counsel, that appearing in the record will control.

APPEAL by defendant from *Stack, J.,* at May Term, 1927, of HAY-WOOD.

Civil action to recover damages for an alleged negligent injury caused by a piece of ice sliding down the side of a mountain and striking the plaintiff as he was at work for the defendant in a railroad cut or fill, tried upon the usual issues of negligence, contributory negligence and damages, and resulting in a verdict and judgment for plaintiff, from which the defendant appeals, assigning error.

*W. R. Francis for plaintiff.*
*Alley & Alley for defendant.*

STACY, C. J. There are two exceptive assignments of error appearing on the record which make it necessary to remand the cause for another hearing.

On the issue of negligence the jury was instructed as follows:

"If you find by the evidence that he is permanently injured and his earning capacity has been decreased by reason of his injury, and if you find his neck is stiff, permanently stiff, he would be entitled to recover for the decreased earning power to make money, if you find that he was injured by the piece of ice falling down the side of the mountain and hitting him on the shoulder, and there is evidence to show that it had snowed previously thereto and that ice and rock were, on account of the weather, falling down the side of the cut or mountain, and that the defendant's foreman was present and saw this condition and knew what the conditions were."

Certainly, unless free from blame himself, the plaintiff would not be "entitled to recover" upon the facts here stated, and there is no reference in the instruction to negligence or proximate cause. In this respect the charge is defective. *Hurt v. Power Co., ante,* 696.

Again the court instructed the jury as follows:

"I believe he said he is 27 years old, and he is presumed to live a certain number of years, and will be compelled to bear that permanent injury and be afflicted by it and his earning capacity in the future will be decreased by reason of that condition."

Appellant contends that this instruction contains an inadvertent expression of opinion on the alleged permanency of plaintiff's injury. C. S., 564. While, of course, unintentional on the part of the learned judge who tried the case, we think the instruction is fairly amenable to the criticism made by the defendant. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *Speed v. Perry,* 167 N. C., 122, 83 S. E., 176. The error is just one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit. *S. v. Allen,* 190 N. C., 498, 130 S. E., 163; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417. Indeed, the case on appeal was not settled by the judge, and it is possible that the charge, as reported, is not as given, but we are bound by the record. *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Wheeler,* 185 N. C., 670, 116 S. E., 413.

For the errors as indicated a new trial must be awarded, and it is so ordered.

New trial.