LOIS LETTERMAN, BY HER NEXT FRIEND, C. R. LETTERMAN, v. FLOYD MILLER AND S. H. MILLER, TRADING AS ASHEVILLE-CANTON AND WAYNESVILLE MOTOR EXPRESS.

(Filed 18 March, 1936.)

**Automobiles C c—Evidence held for jury on issues of negligence and proximate cause in this action to recover for injuries to child struck by truck as she crossed highway to enter automobile.**

> The evidence tended to show that plaintiff, a child nine years old, and her brother and two sisters, neither of whom was over fourteen years old, were walking to school along the highway, that a neighbor, riding his child to the same school, slowed down and stopped his car on the opposite side of the highway to give plaintiff and her brother and sisters a ride to school in his car, that the driver of defendants' truck, driving behind the car and going in the same direction, slowed down when the car slowed down and stopped behind it, and that plaintiff, assuming the truck had stopped so she could cross the highway, started across the highway to enter the car, and was struck when the truck driver started forward without warning for the purpose of going around the automobile. *Held:* The evidence was sufficient to be submitted to the jury on the question of negligence in the operation of the truck and proximate cause, notwithstanding defendants' evidence to the contrary.

STACY, C. J., dissenting.

APPEAL by both plaintiff and defendants from *Oglesby, J.,* at December Term, 1935, of BUNCOMBE.

Reversed in plaintiff's appeal; defendants' appeal dismissed.

This is an action to recover damages for personal injuries suffered by the plaintiff, a child nine years of age, when she was struck and knocked down as she started to cross a State highway in Buncombe County, to enter an automobile parked on the opposite side of the highway, by a truck owned by the defendants and negligently operated on said highway by the driver, an employee of the defendants.

The defendants denied that the driver of the truck was negligent in its operation at the time the plaintiff was injured, or if he was negligent, that such negligence was the proximate cause of plaintiff's injuries.

The action was begun and tried in the general county court of Buncombe County.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover? Answer: '$3,000.'"

From judgment that plaintiff recover of the defendants the sum of $3,000, and the costs of the action, the defendants appealed to the Supe-

rior Court of Buncombe County, assigning errors in the trial in the general county court.

At the hearings of defendants' appeal, pursuant to the rulings of the judge of the Superior Court on their assignments of error, it was ordered and adjudged by the court that the defendants are entitled to a new trial, and accordingly the action was remanded to the general county court for a new trial.

From the judgment of the Superior Court both the plaintiff and the defendants appealed to the Supreme Court, each assigning errors in the rulings of the judge on defendants' assignments of error on their appeal from the judgments of the general county court.

*Geo. O. Perkins and J. W. Pless for plaintiff.*
*Smathers, Martin & McCoy for defendants.*

CONNOR, J. An examination of the record in this appeal discloses no error in the rulings of the judge of the Superior Court by which certain of defendants' assignments of error on their appeal from the judgment of the general county court were overruled. There is error, however, in the rulings of the judge by which other assignments of error were sustained, resulting in the order for a new trial. For this reason there is error in the judgment of the Superior Court awarding the defendants a new trial. The judgment of the Superior Court is reversed on plaintiff's appeal to this Court. The appeal of the defendants is dismissed. The judgment of the general county court should be affirmed.

The only ruling of the judge of the Superior Court at the hearing of defendants' appeal from the judgment of the general county court which seems to require discussion by this Court is the ruling by which defendants' contention that there was error in the refusal of the trial court to allow their motion for judgment as of nonsuit, at the close of all the evidence, was not sustained. There was no error in this ruling.

There was evidence at the trial in the general county court tending to show that plaintiff, a child nine years of age, with her brother and two sisters, neither of whom was over fourteen years of age, was walking along the edge of the highway, on her way to school. A neighbor passed in his automobile, taking his child to the same school which the plaintiff and her brother and sisters attended. He indicated to plaintiff that he would take her and her brother and sisters to school in his automobile, and at once began to slow down. He stopped his automobile about thirty feet from the plaintiff, on the opposite side of the highway. At this time, defendants' truck was approaching, going in the same direction as the automobile. When the driver of the truck saw that the auto-

mobile was slowing down, he slowed down, and when the automobile stopped, he stopped, a short distance in the rear of the automobile. The plaintiff, assuming that the truck had stopped so that she could cross the highway and enter the automobile in safety, took a step in the direction of the parked automobile. At this moment, without warning, the driver of the truck started up and turned toward the plaintiff for the purpose of going around the automobile. In this situation the plaintiff was struck and knocked down by the truck, and thereby suffered serious injuries which are probably permanent.

This evidence was properly submitted to the jury as tending to show, notwithstanding the evidence for the defendants to the contrary, that the driver of the truck was negligent, and that his negligence was the proximate cause of plaintiff's injuries. See *Smith v. Miller, ante,* 170.

The action is remanded to the Superior Court of Buncombe County that judgment may be entered in said court affirming the judgment of the general county court of Buncombe County.

Reversed in plaintiff's appeal.

Defendants' appeal dismissed.

STACY, C. J., dissenting: Unfortunate and distressing as the accident in this case was, a careful perusal of the record leaves me with the conviction that no actionable negligence on the part of the defendants has been shown.

The little girl ran into the side of the truck, as witness the following from her own evidence: "The truck hit her on top of the head. . . . The front corner of the bed hit her. . . . She stepped one step, just a side step. She was struck straight in the back of the head. . . . If she had stood still she would not have been hit. . . . Q. What part of the truck hit her? A. The corner of the front of the bed. After she fell forward, the hind wheel of the truck ran over her leg." This means the bumper, the fender, the front wheel, and the cab of the truck had safely passed where the children were standing before the plaintiff took her "one step, just a side step," and was struck by the corner of the bed of the slowly moving truck. It was the rear wheel, and not the front wheel, that crushed her leg. Her companions were not hurt. These physical facts permit no inference of negligence on the part of the driver of the truck. He did not know the children were waiting to cross the road, as was the case in *Smith v. Miller, ante,* 170. Reasonable prevision or foresight, and not the gift of prophecy or clairvoyance, is all the law required of him. *Osborne v. Coal Co.,* 207 N. C., 545, 177 S. E., 796. "The law does not require omniscience"—*Brogden, J., in Gant v. Gant,* 197 N. C., 164, 148 S. E., 34.

When the plaintiff fell, she was "4 or 4½ feet inside the curbing." This would indicate that she necessarily took more than "one little step" before coming in contact with the truck, but this is not the determining factor.

Under the law as heretofore written, the plaintiff is not entitled to recover. The case is no stronger than *Fox v. Barlow,* 206 N. C., 66, 173 S. E., 43, where a nonsuit was ordered.