AGNES BROWN, ADMINISTRATRIX OF THE ESTATE OF A. O. BROWN, DECEASED,
v. M. P. LIPE AND PAUL WHITENER.

(Filed 20 May, 1936.)

1. Death B b—

In an action for wrongful death it is error to allow the jury to consider
the annuity tables set out in C. S., 1791, upon the question of damages.

2. Courts A c—

Where error has been committed in the county court in instructing the
jury on the issue of damages, the Superior Court, on appeal, has the dis-
cretionary power to order a new trial of the case instead of restricting
the new trial to the issue of damages.

APPEAL by plaintiff from *Rousseau, J.,* at February Term, 1936, of
GUILFORD. Affirmed.

This was an action for wrongful death alleged to have been caused by
the negligence of defendants in the operation of a motor vehicle.

The action was instituted in the municipal court of the city of High
Point, and tried there upon the usual issues of negligence, contributory
negligence, and damages. From judgment on the verdict on each issue
in favor of the plaintiff, defendants appealed to the Superior Court of
Guilford County, assigning errors. Upon the hearing on the appeal in
the Superior Court, the defendants' assignments of error as to portions
of the charge on the issue of damages were sustained, and the case re-
manded to the municipal court of High Point for a new trial.

From the judgment of the Superior Court awarding a new trial,
plaintiff appealed to this Court.

*Gold, McAnally & Gold for plaintiff.*
*James E. Gay, Jr., and Sapp & Sapp for defendants.*

PER CURIAM. The charge of the judge of the municipal court as to
the measure of damages in a case of wrongful death was erroneous under
the rule laid down in *Poe v. R. R.,* 141 N. C., 525, wherein *Walker, J.,*
clearly drew the distinction between income and annuity, and it was
held for error to permit the jury to consider the annuity tables set out
in C. S., 1791, as was done in the instant case. *Ward v. R. R.,* 161
N. C., 179; *Comer v. Winston-Salem,* 178 N. C., 383.

The plaintiff, however, contends that even if the charge of the trial
court on the issue of damages was properly held to be erroneous, the new
trial should have been restricted to that issue. While this course is
frequently pursued by appellate courts, when the error is confined to

one issue, it has been repeatedly held and now firmly established with us that it is a matter of discretion. *Lumber Co. v. Branch,* 158 N. C., 251; *Huffman v. Ingold,* 181 N. C., 426; *Whedbee v. Ruffin,* 191 N. C., 257.

The judgment of the court below remanding the case to the municipal court of the city of High Point for a new trial is

Affirmed.