WACHOVIA BANK AND TRUST COMPANY, EXECUTOR OF HARRY E. NISSEN, v. ATLANTIC GREYHOUND LINES ET AL.

(Filed 15 June, 1936.)

**1. Death B b—Mortuary tables are but evidence of life expectancy.**

The mortuary tables, C. S., 1790, are but evidence of life expectancy, to be taken in connection with other evidence of health, constitution, and habits, and an instruction that intestate's life expectancy was so many years, based upon the tables, violates this rule and the rule against an expression of opinion by the court as to whether a fact is sufficiently proven. C. S., 564.

**2. Appeal and Error J g—**

Where a new trial is awarded on one exception, other exceptions relating to matters which may not arise upon a subsequent hearing need not be considered.

**3. Appeal and Error A f—**

Where judgment is entered on appeal to the Superior Court granting defendants a new trial, they are not entitled to be heard on their appeal to the Supreme Court unless and until reversible error has been made to appear on plaintiff's appeal.

APPEAL by plaintiff and defendants from *Hill, Special Judge,* at January Term, 1936, of FORSYTH.

Civil action to recover damages for death of plaintiff's testator, alleged to have been caused by the wrongful act, default, or neglect of the defendants.

Plaintiff's testator, Harry E. Nissen, who was chief of the fire department of the city of Winston-Salem, was killed between 2:00 and 3:00 o'clock on the morning of 28 November, 1932, at a street intersection, when a bus of the defendant Atlantic Greyhound Lines, driven by Bernie W. Phillips, collided with an automobile in which Nissen was being driven to a fire. The case was tried in the Forsyth County court and resulted in verdict and judgment for plaintiff. The defendants appealed to the Superior Court of Forsyth County, assigning forty-four errors.

Upon hearing the appeal in the Superior Court, four of defendants' assignments of error were sustained, the cause remanded for a new trial, and the remaining forty assignments of error were overruled. We are invited to review the entire judgment of the Superior Court, both plaintiff and defendants appealing.

*Manly, Hendren & Womble and Parrish & Deal for plaintiff.*

*Hutchins & Parker, Ratcliffe, Hudson & Ferrell, and James E. Gay for defendants.*

STACY, C. J. The trial court instructed the jury with respect to the mortuary table as follows: "So the court instructs you, by referring to the mortuary table of the statute, that the expectancy of a person 59 years of age would be fourteen and seven-tenths years." This was assigned as error, and the Superior Court sustained the exception. The ruling is supported by the decisions in *Taylor v. Construction Co.*, 193 N. C., 775, 138 S. E., 129, and *Hubbard v. R. R.*, 203 N. C., 675, 166 S. E., 802.

The use of the mortuary table seems quite easily misunderstood. It is competent as evidence, but only "as evidence, with other evidence as to the health, constitution, and habits" of such person. C. S., 1790; *Young v. Wood*, 196 N. C., 435, 146 S. E., 70. For the court to make it definitive violates not only the evidence rule, but also the prohibition against expression of opinion as to "whether a fact is fully or sufficiently proven." C. S., 564; *Cogdill v. Hardwood Co.*, 194 N. C., 745, 140 S. E., 732.

Rulings upon other exceptions could only be anticipatory, perhaps supererogatory, as they may not arise on another hearing, hence, we affirm the judgment without presently adverting to them. *Pemberton v. Greensboro*, 208 N. C., 466, 181 S. E., 258.

The defendants are not entitled to be heard on their appeal unless and until reversible error has been made to appear on plaintiff's appeal. *Williams v. Stores Co.*, 209 N. C., 591; *Letterman v. Miller*, 209 N. C., 709.

Plaintiff's appeal, Affirmed

Defendants' appeal, Dismissed.