CALDWELL WILLIAMS v. SAFE BUS, INCORPORATED.

(Filed 30 June, 1936.)

1. **Negligence C a—Evidence that plaintiff gave match to another to strike near gasoline fumes held to support plea of contributory negligence.**

    Allegation and evidence that plaintiff, a passenger on defendant's bus, gave a match to a fellow passenger to strike a light to look for a coin on the floor of the bus while gasoline was being put into the gas tank of the bus through its intake on the inside of the bus, *is held* sufficient to support the issue of contributory negligence tendered by defendant bus company in plaintiff's action to recover for injuries sustained when the gas fumes became ignited from the match struck by plaintiff's fellow passenger.

2. **Appeal and Error A f—**

    Defendant is not entitled to be heard on its appeal unless and until reversible error has been made to appear on plaintiff's appeal.

APPEAL by plaintiff and defendant from *Hill, Special Judge,* at September Term, 1935, of FORSYTH. Affirmed.

*Moses Shapiro for plaintiff.*
*Price & Jones and Ingle & Rucker for defendant.*

SCHENCK, J. This was a civil action instituted in the Forsyth County court to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant. The defendant denied that it was negligent, and also pleaded the plaintiff's contributory negligence in bar of recovery. The defendant tendered an issue as to the contributory negligence of the plaintiff, which the court

declined to submit and the defendant made this declination the subject of an exceptive assignment of error.

The case was tried upon the following issues:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?

"2. What amount of damage is the plaintiff entitled to recover of the defendant?"

Upon the first issue being answered "Yes," and the second issue being answered "$450.00," the court entered judgment for the plaintiff, and the defendant appealed to the Superior Court, assigning errors.

Upon appeal, the case came on for hearing in the Superior Court, and the court, being of the opinion that the defendant was entitled to have an issue as to the contributory negligence of the plaintiff submitted to the jury, entered judgment remanding the case to the Forsyth County court for a new trial. From this judgment both plaintiff and defendant appealed to the Supreme Court, the plaintiff contending that the judge of the Superior Court erred in not affirming the judgment of the Forsyth County court, and the defendant contending that the judge of the Superior Court erred in not sustaining its exception to the refusal of the Forsyth County court to grant its motion for judgment as of nonsuit.

The evidence tended to show that the defendant operated a bus line in the city of Winston-Salem, and was a common carrier of passengers for hire, and that the plaintiff boarded as a passenger one of the defendant's buses, and that while the plaintiff, with other passengers, was on the bus, the driver of the bus turned it into a filling station of the defendant to fill the tank with gasoline; that the tank of the bus was in the front thereof and the intake of the tank was inside the bus; that while the bus was standing still the driver got out and was in the act of filling the tank by means of a hose which ran from the tank of the filling station to the tank of the bus, when a passenger on the bus, one Plummer Burgess, who was searching the floor of the bus for a "nickel" he had dropped, asked the plaintiff for a match; that the plaintiff gave Burgess a match, which Burgess struck, and caused the fumes from the gasoline which was being conveyed to the tank of the bus to ignite, and to blaze up; that the plaintiff, to extricate himself from apparent danger, "dove" through a rear window of the bus, and fell on the concrete flooring, thereby cutting and bruising himself. The defendant alleges as contributory negligence, *inter alia,* "that the plaintiff contributed to his own injury and proximately caused any alleged injury which he might have sustained by giving the match to another passenger on the bus, when he knew or could have known that his act of giving a match to this passenger under the circumstances, . . . was calculated to produce the resulting injury."

We are of the opinion, and so hold, that the evidence, when viewed in the light of the allegations of the answer, was sufficient to be submitted to the jury upon an issue as to the contributory negligence of the plaintiff, and that the trial judge erred when he declined to submit such an issue, and that the judge of the Superior Court ruled correctly when he remanded the case to the Forsyth County court for a new trial. We therefore find no error on the plaintiff's appeal.

The defendant is not entitled to be heard on its appeal unless and until reversible error has been made to appear on plaintiff's appeal. *Bank & Trust Co. v. Atlantic Greyhound Lines et al., ante,* 293, and cases there cited.

The judgment of the Superior Court remanding the case to the Forsyth County court for a new trial is affirmed.

Plaintiff's appeal, affirmed.

Defendant's appeal, dismissed.