MARTHA JOSEPHINE O. SEBASTIAN, EXECUTRIX, v. HORTON MOTOR LINES.

(Filed 15 June, 1938.)

1. **Automobiles § 12e—Failure to stop before entering through street intersection is not negligence per se.**

   The failure of defendant's driver to come to a complete stop before entering a through street intersection is not negligence *per se,* but only evidence of negligence to be considered with other facts in the case, such holding being a necessary corollary to the provision of ch. 407, Public Laws of 1937, sec. 120; N. C. Code, 2621 (305), that failure to stop before entering a through street intersection should not be considered contributory negligence *per se,* but only evidence to be considered with the other facts in the case upon the issue of contributory negligence.

2. **Negligence §§ 1, 11—**

   There is no essential difference between negligence and contributory negligence; contributory negligence being merely the negligence of the plaintiff, who becomes defendant, *pro hac vice,* upon the issue of contributory negligence.

3. **Death § 8—Court may not instruct jury what the age of testate was or that his life expectancy was a stated number of years.**

In an action for wrongful death, an instruction that, according to the mortuary table, testate's age being a stated number of years, his life expectancy was a certain number of years, is error as being an expression of opinion by the court as to the sufficiency of the proof of the fact of age and the life expectancy, contrary to C. S., 564.

4. **Automobiles § 12e—While motorist may assume that others will stop before entering through street intersection, he must use due care for own safety.**

While a motorist traveling along a through street may assume that other motorists will stop before entering the intersection from a side street, he remains under duty to conform to the rule of the reasonably prudent man, and an instruction that intestate, who was driving along the through street, had a right to assume that defendant's truck would stop before entering the intersection from a side street, *is held* erroneous for failing to further instruct the jury on the issue of contributory negligence as to whether intestate acted with due care in keeping with the exigencies of the occasion upon evidence that the truck had almost passed through the intersection before intestate reached same, and that intestate, notwithstanding, attempted to pass in front of the truck.

APPEAL by defendant from *Bivens, J.,* at February Term, 1938, of GUILFORD.

Civil action to recover damages for death of plaintiff's testator, alleged to have been caused by the wrongful act, default or neglect of the defendant.

Plaintiff's husband and testator, Dr. S. P. Sebastian, was killed in the early morning of 24 June, 1937, at the intersection of Benbow Road and Washington Street, Greensboro, N. C., when defendant's truck and trailer, driven by J. S. Poteat, collided with the Plymouth coupe operated by the deceased.

It is in evidence that by ordinance of the city of Greensboro, passed pursuant to authority contained in the Motor Vehicle Law, "Washington Street from Macon Street to McConnell Road" was designated a "Through Highway" with a lawful rate of speed not exceeding thirty miles an hour, and that upon the surface of the traveled portion of Benbow Road immediately before entering the intersection with Washington Street is the word "S T O P" in large letters painted upon the ground.

The evidence is conflicting as to the speed of both vehicles when they entered the intersection. The defendant's driver testified: "When entering that intersection I slowed my truck down to almost a standstill and placed it in second gear and looked in both directions. . . . I did not see anything. . . . I would not say I came to a complete stop, but almost. At the time I entered the intersection I was not

traveling over six or eight miles an hour. . . . When I was almost across the street this car came running right in front of me. I cut slightly to the right and his rear fender and wheel hung the left-hand side of my bumper."

There is other evidence that the truck entered the intersection around 30 or 40 miles an hour and that it was running too fast to stop.

The speed of Dr. Sebastian's car is variously estimated from 10 or 15 to 40 miles an hour. "It looked like it turned to the left and tried to get in front of the truck. . . . It did not stop. It looked like it tried to go in front of the truck. In fact, he did try to get in front of the truck. . . . The truck was going south and it was on its right-hand side of the street. It had nearly passed through the intersection. It lacked 7 or 8 feet of having passed through. Dr. Sebastian pulled his car to his left."

The following excerpt from the charge forms the basis of one of defendant's exceptive assignments of error:

"The court charges you that if you are satisfied by the greater weight or preponderance of the evidence that the driver of this truck failed to stop at this 'Stop' sign and entered this intersection, that under the law that would be negligence *per se,* or negligence in itself."

Again, in respect of the mortuary table, the jury was instructed as follows: "The court charges you that his expectancy according to this table of mortality, as read to you by the court, the age of Dr. Sebastian being 61 years, that his expectancy is 13.5 years." Exception. The court had previously instructed the jury: "You have a right to consider this statute in making up your verdict, but you are not bound by it."

The following instruction, given in response to a request from the jury, is also assigned as error:

Juror: "There is one point of law, I believe, the jury is not entirely clear on, and that is the question of whether or not Dr. Sebastian in approaching this intersection had a right to assume from the fact that there was a 'Stop' sign on Benbow Road that this truck would stop before entering the intersection, and just what right that assumption would give him."

The Court: "Gentlemen of the jury, this being a street designated by the statute or ordinance of the city of Greensboro as a stop street, any person operating a motor vehicle on Washington Street had a right to assume that any person operating a motor vehicle on Benbow Road would come to a stop before entering Washington Avenue."

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff, the damages being assessed at $28,500.

From judgment on the verdict, the defendant appeals, assigning errors.

*R. R. King, Jr., S. B. Adams, and Moseley & Holt for plaintiff, appellee.*

*Cochran & McCleneghan and Sapp & Sapp for defendant, appellant.*

STACY, C. J. There are a number of exceptions appearing on the record, but we deem it unnecessary to consider them *seriatim* as rulings upon the following will suffice to dispose of the present appeal.

First: Was it error for the court to instruct the jury that if the driver of defendant's truck failed to stop at the "S T O P" sign on Benbow Road before entering the intersection with Washington Street, a through highway, "under the law that would be negligence *per se,* or negligence in itself"? The law as presently written answers the question in the affirmative.

It is provided by ch. 407, Public Laws 1937, sec. 120, that the State Highway Commission with reference to State highways, and local authorities with reference to highways under their jurisdiction, may designate main traveled or through highways by erecting at the entrance thereto, from intersecting highways, signs notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway, "and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto. That no failure so to stop, however, shall be considered contributory negligence *per se* in any action at law for injury to person or property; but the facts relating to such failure to stop may be considered with the other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence."

If the failure to come to a full stop before entering or crossing a through highway in obedience to any such sign duly erected is not to be considered contributory negligence *per se* on the part of a plaintiff in any action at law for injury to person or property, but only evidence of such negligence, we think it follows as a necessary corollary or as the rationale of the statute, that where the party charged is a defendant in any such action, the failure so to stop is not to be considered negligence *per se,* but only evidence thereof to be considered with other facts in the case in determining whether the defendant in such action is guilty of negligence. 1937 Supp. to N. C. Code of 1935 (Michie), sec. 2621 (305); *Keller v. R. R.,* 205 N. C., 269, 171 S. E., 73. Indeed, it may not be inappropriate to say that in an action at law for injury to person or property, the plaintiff therein becomes defendant, *pro hac vice,* upon the issue of contributory negligence. There is really no distinction, or essential difference, between negligence in the plaintiff and negligence in the defendant, except that in an action like the present, the negligence of the plaintiff is called contributory negligence. *Liske v. Walton,* 198 N. C., 741, 153 S. E., 318. The criterion for establishing both is the

same. *Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776. The same standard applies alike to both. *Pearson v. Luther,* 212 N. C., 412. Hence, according to the rule of equality, if a given act is not to be regarded as contributory negligence *per se* on the part of a plaintiff in any action at law for injury to person or property, the same act ought not to be regarded as negligence *per se* on the part of a defendant in any such action. See *Smith v. R. R.,* 200 N. C., 177, 156 S. E., 508; *S. v. Satterfield,* 198 N. C., 682, 153 S. E., 155; *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Kimbrough v. Hines,* 180 N. C., 274, 104 S. E., 684. Nothing was said in *Headen v. Transportation Co.,* 211 N. C., 639, 191 S. E., 331, which militates against this position. The question presently presented was not raised in the *Headen case, supra.* The rulings there are accordant herewith.

It will be observed that this exception is not concerned with section 103 of the Motor Vehicle Law, ch. 407, Public Laws 1937, which deals with speed restrictions and *prima facie* evidence arising from speeds in excess of the restrictions therein set out. *Woods v. Freeman, ante,* 314.

Second: Is there error in the instruction, "according to this table of mortality . . . the age of Dr. Sebastian being 61 years, . . . his expectancy is 13.5 years"? It is not perceived wherein the instruction here challenged differs from the one held to be erroneous in *Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802, or the one disapproved in *Trust Co. v. Greyhound Lines,* 210 N. C., 293, 186 S. E., 320.

In the instant case, the court made definitive the age of the deceased, as well as his expectancy, and thus expressed an opinion as to the sufficiency of the proof of both facts. This runs counter to C. S., 564, which prohibits the judge from expressing any opinion as to "whether a fact is fully or sufficiently proven." *Cogdill v. Hardwood Co.,* 194 N. C., 745, 140 S. E., 732. The instruction was calculated appreciably to augment the recovery, which it undoubtedly did.

Third: Is there error in the instruction given in response to a request from the jury, that Dr. Sebastian "had a right to assume that any person operating a motor vehicle on Benbow Road would come to a stop before entering Washington Avenue"?

In the circumstances of the case, we are constrained to think that this instruction may have misled the jury in its consideration of the second issue.

It is true, there are expressions in a number of cases seemingly in support of the charge, notably *Hancock v. Wilson,* 211 N. C., 129, 189 S. E., 631; *Jones v. Bagwell,* 207 N. C., 378, 177 S. E., 170; *Cory v. Cory,* 205 N. C., 205, 170 S. E., 629; and *Shirley v. Ayers,* 201 N. C., 51, 158 S. E., 840, and ordinarily the instruction might not be objectionable, but here, there is evidence tending to show that the truck "had nearly passed through the intersection" before the deceased reached it,

and then he undertook to pass in front of the moving truck by turning to his left. *Powers v. Sternberg, ante,* 41. Whether this was in keeping with the exigencies of the occasion should have been submitted to the jury on the issue of contributory negligence. *Meacham v. R. R., ante,* 609.

Notwithstanding Dr. Sebastian's right to expect compliance with the law on the part of the driver of defendant's truck, *Quinn v. R. R., ante,* 48, still this did not lessen his own obligation to conform to the rule of the reasonably prudent man, which was still required of him. *Meacham v. R. R., supra; Powers v. Sternberg, supra.*

The case is an important one. Both sides are greatly interested in the result. A painstaking investigation of the record leaves us with the impression that the above instructions, assigned as errors, weighed too heavily against the defendant.

New trial.