R. O. STARNES, ADMR., v., HENRY G. TYSON.

(Filed 22 May, 1946.)

1. **Death § 8—**

The mortuary table is merely evidence of life expectancy to be considered with other evidence as to the health, constitution and habits of the deceased, G. S., 8-46, and an instruction having the effect of making the expectancy set out in the statute definitive and conclusive not only violates this rule, but also the prohibition against expression of opinion "whether a fact is fully or sufficiently proven." G. S., 1-180.

2. **Appeal and Error § 48: Courts § 4b—**

Whether the Superior Court, in sustaining exceptions relating solely to the issue of damages on defendant's appeal from the Municipal Court, should limit the new trial to the issue of damages, rests solely in the discretion of that court, and the Supreme Court, on further appeal, will not entertain plaintiff's request that the new trial be so limited.

3. **Appeal and Error § 3a—**

When the Superior Court on defendant's appeal from the Municipal Court, grants a new trial on two exceptions and overrules the others, and the Supreme Court on plaintiff's appeal from this ruling sustains the ruling granting a new trial, defendant's appeal from the action of the

STARNES *v.* TYSON.

Superior Court in overruling its other exceptions will be dismissed, since defendant having been granted a new trial is not the "party aggrieved."

APPEALS by plaintiff and defendant from *Bone, J.,* at 4 February, 1946, Civil Term. From GUILFORD.

Civil action instituted in the Municipal Court of the City of High Point to recover damages for the death of plaintiff's intestate alleged to have been caused by the wrongful act, neglect or default of the defendant.

It is in evidence that on the morning of 5 June, 1944, Paul Collins, age 11, and his brother, LeRoy Collins, age 15, were walking along the Jacksonville-New Bern Highway in Onslow County when they were both struck and seriously injured—Paul Collins fatally—by defendant's oil truck, which was being operated at the time by his agent and in further-ance of his business.

The defendant denied liability and when the case came on for trial, the jury answered the issues of negligence and contributory negligence in favor of the plaintiff, and assessed the damages at $15,000.00.

From judgment on the verdict, the defendant appealed to the Superior Court of Guilford County for errors assigned in matters of law as pro-vided by statute on such appeals. See *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735; *Hendrix v. R. R.,* 202 N. C., 579, 163 S. E., 752; *Lewellyn v. Lewellyn,* 203 N. C., 575, 166 S. E., 737; *Brown v. Lipe,* 210 N. C., 199, 185 S. E., 681.

Two of these assignments of error were directed to the following portions of the charge:

1. "Now, what you are called upon to consider, and the rule by which you do arrive at an answer to this issue, if you come to answer it, is based upon what he might have earned during his expected life, and there has been introduced in evidence here a portion of the North Carolina statute which we call the mortuary tables, and that provides—where they have it all figured out as to what the expectancy of a person's life is—that a young man eleven years old would live 48.1 years more." Excep-tion No. 14.

2. "Now, gentlemen, you will take into consideration this boy's health, his condition, his aptitude for doing work, his age and his expectancy. His expectancy is 48.1 years; that means, being eleven years old, he had, according to the mortuary table, and according to his expectancy, 48.1 more years to live." Exception No. 17.

On the hearing in the Superior Court, the defendant's exceptions, 25 in number, were overruled, save and except the 14th and 17th, above set out, which were sustained, and the cause was thereupon remanded to the Municipal Court of the City of High Point for new trial.

From the judgment of the Superior Court sustaining two of the defendant's exceptions and granting a new trial, the plaintiff appeals, assigning errors; and from so much of the judgment of the Superior Court as overruled his other exceptions and assignments of error, the defendant appeals, assigning errors.

*J. M. Broughton, Harriss H. Jarrell, and James B. Lovelace* for plaintiff, appellant-appellee.

*Ehringhaus & Ehringhaus and Gold, McAnally & Gold* for defendant, appellant-appellee.

STACY, C. J.   In the Superior Court, on appeal by the defendant from the Municipal Court of the City of High Point for errors assigned in matters of law, all of the exceptions were overruled, save and except Nos. 14 and 17, which were sustained, and the cause was thereupon remanded to the Municipal Court for a new trial. *Jenkins v. Castelloe,* 208 N. C., 406, 181 S. E., 266. From a procedural standpoint, the case apparently parallels *Brown v. Lipe,* 210 N. C., 199, 185 S. E., 681; *Trust Co. v. Greyhound Lines,* 210 N. C., 293, 186 S. E., 320; *Williams v. Charles Stores Co.,* 209 N. C., 591, 184 S. E., 496.

### I. THE PLAINTIFF'S APPEAL.

By his appeal to this Court, the plaintiff challenges the correctness of the judgment of the Superior Court in sustaining defendant's exceptions Nos. 14 and 17, and remanding the cause for another hearing. In these two exceptions, it is pointed out that the trial court made definitive and conclusive the expectancy of the plaintiff's intestate as 48.1 years. The gravamen of exception 14 is that the court said to the jury "there has been introduced in evidence here a portion of the North Carolina statute which we call the mortuary tables, and that provides . . . that a young man eleven years old would live 48.1 years more." And in exception 17, the court seems to have been a little more specific and direct: "His expectancy is 48.1 years; that means, being eleven years old, he had, according to the mortuary table, and according to his expectancy, 48.1 years to live."

The Superior Court was constrained to hold these expressions for error under authority of what was said in *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539; *Hancock v. Wilson,* 211 N. C., 129, 189 S. E., 631; *Trust Co. v. Greyhound Lines,* 210 N. C., 293, 186 S. E., 320; *Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802; *Young v. Wood,* 196 N. C., 435, 146 S. E., 70; *Taylor v. Const. Co.,* 193 N. C., 775, 138 S. E., 129; *Odom v. Canfield Lumber Co.,* 173 N. C., 134, 91 S. E.,

716; *Sledge v. Lumber Co.,* 140 N. C., 459, 53 S. E., 295. These cases support the judgment of the Superior Court. The mortuary table is competent as evidence, but only as evidence, which is to be considered with the "other evidence as to the health, constitution, and habits" of the deceased. G. S., 8-46; *Russell v. Steamboat Co.,* 126 N. C., 961, 36 S. E., 191. For the court to make the mortuary table definitive and conclusive not only violates the evidence rule, but also the prohibition against expression of opinion "whether a fact is fully or sufficiently proven." G. S., 1-180; *Cogdill v. Hardwood Co.,* 194 N. C., 745, 140 S. E., 732.

Finally, the plaintiff asks that the new trial, if sustained, be limited to the issue of damages. It does not appear that such request was lodged below; or that the judgment is challenged on this ground. The order for a new trial was made by the Superior Court. It did not originate here. The matter was entirely discretionary with the court making the order. *Lumber Co. v. Branch,* 158 N. C., 251, 73 S. E., 164.

No error has been made to appear on plaintiff's appeal.

## II. THE DEFENDANT'S APPEAL

The defendant having been granted a new trial in the Superior Court on two of his exceptions, is not entitled to have the rulings upon his other exceptions reviewed unless and until reversible error has been made to appear on plaintiff's appeal. *Trust Co. v. Greyhound Lines, supra; Williams v. Charles Stores Co., supra; Letterman v. Miller,* 209 N. C., 709, 184 S. E., 525. So long as the judgment of the Superior Court is in his favor, denies him no substantial right, and remains undisturbed, it would seem that the defendant could hardly be called the "party aggrieved" within the meaning of the appeal statute. G. S., 1-271; *Yadkin Co. v. High Point,* 219 N. C., 94, 13 S. E. (2d), 71. "A 'party aggrieved' is one whose right has been directly and injuriously affected by the action of the court." McIntosh on Procedure, 767. See *Robinson v. McAlhaney,* 216 N. C., 674, 6 S. E. (2d), 517; *S. c.,* 214 N. C., 263, 199 S. E., 26, and 214 N. C., 180, 198 S. E., 647.

The rulings in the Superior Court on defendant's remaining 23 exceptions, which were there overruled, might become hurtful should error be found here in the rulings on the exceptions which were there sustained. But prior to the happening of this event, the defendant may not insist upon further hearing in this Court on his other exceptions. This would amount to a second appellate review on these exceptions on appeal from an order granting him a new trial, which he neither challenges nor wants vacated. *McCulloch v. R. R.,* 146 N. C., 316 (defendant's appeal at page

320), 59 S. E., 882; *Pritchard v. Spring Co.,* 151 N. C., 249, 65 S. E., 968; *Smith v. Miller,* 155 N. C., 242, 71 S. E., 353.

Plaintiff's appeal, Affirmed.

Defendant's appeal, Dismissed.