DAVID BETHEA v. TOWN OF KENLY, CARL DURHAM, RALPH DAVIS, AND EULA MAE STANCIL AND KENNETH H. STANCIL.

(Filed 29 April, 1964.)

**1. Trial § 45—**

The judgment must follow the verdict, and while the trial court has the discretionary power to set the verdict aside as being against the weight of the evidence, it is error for the court to change the verdict by diminishing the award over the objection of plaintiff.

**2. Same; Trial § 20—**

    The trial court may not, after verdict, dismiss the action as of nonsuit for insufficiency of the evidence.

**3. Appeal and Error § 4—**

    Where the trial court enters judgment that plaintiff recover nothing of certain defendants, such defendants may not, upon plaintiff's appeal from the refusal of the court to enter judgment on the verdict, appeal from the court's refusal to set aside the verdict for errors committed during the trial, since until a judgment is entered against them they are not parties aggrieved. G.S. 1-271.

APPEAL by plaintiff and defendants Town of Kenly and Carl Durham from *Burgwyn, E. J.,* November 1963 Session of JOHNSTON.

This action for personal injuries emanates from a collision between an automobile owned by the non-appealing defendant Eula Mae Stancil and operated by her son, Kenneth Stancil, and a police car of the Town of Kenly operated by defendant Carl Durham, an officer on duty. The defendant Town of Kenly has waived its governmental immunity by securing liability insurance. Plaintiff alleged that he was seriously injured by the joint and concurring negligence of Kenneth Stancil and Carl Durham and demanded judgment against all the defendants jointly and severally in the sum of $50,000. Upon the trial the jury found, by its answer to the first issue, that the plaintiff was injured as a result of the negligence of defendants Carl Durham and the Town of Kenly; by its answer to the second, that the plaintiff was also "injured as a result of the negligence of the defendants Kenneth and Eula Mae Stancil as alleged in the complaint." By the third issue, the jury assessed plaintiff's damages at $55,000.

It is noted that although no summons was ever served on Kenneth H. Stancil, and he is not named as a defendant in the complaint, he filed an answer denying any liability to the plaintiff.

Plaintiff moved for judgment against all defendants, but he tendered judgment for only $50,000 in order to come within Article 15A of Chapter 160 of the General Statutes. The defendants Town of Kenly and Carl Durham first moved the court to set aside the verdict for errors committed in the trial. This motion was denied. They next moved to set aside the verdict on the third issue as being excessive. This motion was likewise denied but the court, *in its discretion,* reduced the verdict to $40,000. Plaintiff excepted. The same defendants then "moved that the verdict as to the first issue be set aside" and that judgment be entered in their favor because "said verdict was not supported by the evidence in the case." This motion was allowed "as a matter of law" and plaintiff again excepted. The defendants Stancil then moved

that the answer to the second issue be set aside "as being against the greater weight of the evidence and contrary to law." Their motion was denied.

The court rendered judgment that plaintiff recover the sum of $40,-000 against defendants Eula Mae Stancil and Kenneth H. Stancil and that the action against defendants Town of Kenly and Carl Durham be dismissed. The defendants Stancil gave notice of appeal but did not perfect it. Defendants Town of Kenly and Carl Durham excepted and appealed from the refusal of the court to set aside the verdict for errors committed during the trial. Plaintiff appealed assigning as error the failure of the court to enter judgment on the verdict.

. *Shepard, Spence and Mast for plaintiff.*
*Smith, Leach, Anderson & Dorsett and William R. Britt for defendants Town of Kenly and Carl Durham.*

PER CURIAM. *Plaintiff's appeal.* "It is a cardinal rule that the judgment must follow the verdict, and if the jury have given a specified sum as damages, the court cannot increase or diminish the amount, except to add interest, where is is allowed by law and has not been included in the findings of the jury." 2 McIntosh, North Carolina Practice and Procedure § 1691 (2d ed. 1956); *Durham v. Davis,* 171 N.C. 305, 88 S.E. 433. In this case, the judge should have set aside the verdict in his discretion if he deemed it against the weight of the evidence or considered the damages excessive. Instead of doing so, he attempted to change the verdict as to the defendants Stancil, and this he could not do. *Winn v. Finch,* 171 N.C. 272, 88 S.E. 332. As to the defendants Town of Kenly and Carl Durham, the judge dismissed the action after verdict by a judgment as of nonsuit for insufficiency of the evidence. This also he had no authority to do. *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314; *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257.

*Defendants' appeal.* No judgment has yet been entered against the defendants Town of Kenly and Carl Durham. The judgment from which these defendants appealed is that the plaintiff recover nothing of them. Until a judgment is entered against them they are not parties aggrieved and may not appeal. G.S. 1-271; *Gold v. Insurance Co.,* 255 N.C. 145, 120 S.E. 2d 452; *Starnes v. Tyson,* 226 N.C. 395, 38 S.E. 2d 211. Error having been made to appear on plaintiff's appeal, when the Superior Court enters a judgment on the verdict against defendants as directed by this opinion they may then appeal and assign the errors of which they now complain. *Williams v. Bus. Ins.,* 210 N.C. 400, 186 S.E. 482; *Trust Co. v. Greyhound Lines,* 210 N.C. 293, 186 S.E. 320; *Ander-*

*son v. Morris*, 203 N.C. 577, 166 S.E. 527. To hold otherwise would be to disregard a long-established rule of procedure. "An important part of every code of laws is that settling and defining the methods of legal procedure. In this rests the life, vigor and efficiency of the law. It is, therefore, unwise to underrate its importance." *McLaurin v. Cronly*, 90 N.C. 50.

Defendants' appeal —

Dismissed.

Plaintiff's appeal —

Error and remanded.

MOORE, J. took no part in the consideration or decision of this case.